GABRIEL GARCÍA MOLINA, demandante y apelado, *v.* GOBIERNO DE LA CAPITAL y THE PUERTO RICAN & AMERICAN INSURANCE CO., INC., ETC., demandados y terceros demandantes y apelantes; RICARDO QUINTERO y GREAT AMERICAN INDEMNITY CO., terceros demandados y apelados.

Núm. 10340.—*Sometido:* Enero 10, 1951. *Resuelto:* Febrero 7, 1951.

140

*Córdova & González* y *Alberto Picó,* abogados de los apelantes; *Orlando J. Antonsanti* y *René Benítez,* abogados de los terceros demandados apelados; *Santiago Polanco Abréu* y *Ernesto Juan Fonfrías,* abogados del demandante apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Por segunda vez viene este caso ante nuestra conside-

ración y al igual que en la ocasión anterior sólo envuelve ahora cuestiones de derecho. No se ha visto aún en sus méritos. Como se recordará, en 23 de junio de 1947 Gabriel García Molina radicó demanda de daños y perjuicios contra el Gobierno de la Capital y The Porto Rican & American Insurance Co., Inc., en que alegaba, en síntesis, que allá para el 28 de junio de 1946 el Gobierno de la Capital era dueño de un vehículo de motor, que dedicaba a la limpieza pública, y que la otra demandada era la aseguradora del vehículo; que en la indicada fecha y como a las 9:30 P. M. el vehículo en cuestión se encontraba estacionado frente al crematorio municipal, al lado derecho de la carretera que conduce de Bayamón a San Juan, con todas las luces apagadas; que en dicho día y hora y mientras un automóvil Buick propiedad de Ricardo Quintero guiado por Manuel Rodríguez, venía de Bayamón para San Juan fué deslumbrado por otro carro que corría en dirección contraria y al echarse aquél hacia su derecha tropezó con la parte trasera del referido camión del Gobierno de la Capital, sin que mediara culpa o negligencia de Rodríguez; que el demandante para aquel entonces estaba empleado en el Departamento de Hacienda y había fletado un asiento como pasajero en el automóvil Buick y que por razón de la negligencia del empleado del Gobierno de la Capital sufrió las lesiones que en la demanda se describen y estuvo hospitalizado y en estado de suma gravedad, describiéndose las incapacidades con que ha quedado; que como resultado de las mismas perdió su empleo y que el accidente se debió única y exclusivamente a la culpa, descuido, imprudencia temeraria y negligencia del chófer del Gobierno de la Capital. Se recordará, asimismo, que los demandados contestaron negando los hechos esenciales de la demanda y aduciendo entre otras defensas especiales la de que el accidente tuvo como causa próxima la negligencia única del conductor del automóvil Buick en que viajaba el demandante; que los demandados posteriormente radicaron con permiso del tribunal una demanda de tercero dirigida con-

tra Ricardo Quintero y The Great American Indemnity Co., dueño y aseguradora, respectivamente, del automóvil Buick, y que solicitaron a la vez se declarara sin lugar la demanda en cuanto a ellos y con lugar en cuanto a los terceros demandados; que éstos pidieron entonces la desestimación de la demanda de tercero, fundándose, entre otras cosas, en que el demandante les había relevado y descargado con motivo del accidente y firmado carta de pago a ese efecto; que el tribunal inferior dictó resolución desestimando esa demanda de tercero y que los allí demandantes solicitaron entonces se dictara sentencia de acuerdo con dicha resolución, dictada la cual apelaron para ante nos; y que esa apelación fué objeto de la opinión dictada por nosotros con fecha 21 de julio de 1949, en la cual dijimos, entre otras cosas, que "no conteniendo la demanda de tercero alegación alguna de responsabilidad por parte de los terceros demandados hacia los terceros demandantes, que pudiera justificar bajo la Regla 14(a) traerlos al pleito, debemos concluir que la corte inferior actuó correctamente al desestimar la demanda de tercero, ya que no podemos perder de vista que la Regla 14(a) nuestra, como la 14(a) Federal, por ser reglas de procedimiento, no conceden derechos sustantivos a los litigantes." *García* v. *Gobierno de la Capital*, 70 D.P.R. 333, 341.

Recibido el *mandato* en el tribunal inferior, los demandados radicaron en 4 de agosto de 1949 una contestación enmendada, una demanda de tercero y una moción solicitando permiso para radicar ésta. En esa demanda alegaron en lo esencial que el referido accidente se debió única y exclusivamente a la negligencia de Manuel Rodríguez, conductor del automóvil Buick y, en la alternativa, que en el supuesto de que alguna negligencia hubiera habido de parte de ellos, en el accidente medió asimismo negligencia concurrente de Ricardo Quintero a través de su agente Manuel Rodríguez, teniendo el Gobierno de la Capital y Ricardo Quintero el carácter de deudores solidarios en cualquier sentencia que pudiera recaer y teniendo entonces los demandados el derecho

a recobrar de los terceros demandados la proporción correspondiente de la sentencia que se dictara; alegándose además en ella que The Great American Indemnity Co. era aseguradora del aludido vehículo de Quintero. Contra esa demanda presentaron los terceros demandados nueva moción para desestimar, fundándose en que: (1) la causa en ella alegada estaba prescrita; (2) de haber existido obligación alguna por parte de ellos la misma había quedado extinguida mediante el pago de la suma de $500 efectuado por la Great American Indemnity Co. al demandante Gabriel García Molina, en virtud del cual éste relevó y descargó a los terceros demandados de toda reclamación; (3) este Tribunal Supremo en 21 de julio de 1949 confirmó la sentencia del tribunal inferior declarando sin lugar la demanda de tercero; y (4) la demanda no aduce hechos constitutivos de causa de acción. El tribunal inferior dictó entonces una resolución en que hizo constar "que desde el momento que uno de éstos (*joint tortfeasors*) transige y resarce al perjudicado los daños que él le hubiera ocasionado, su responsabilidad ha terminado para todos los efectos legales, y ello es así porque su obligación es una indeterminada y contingente," y que entendía "que para que el derecho de contribución prevalezca en esta jurisdicción debe de ser por legislación expresa tal como aparece en la jurisdicción de Louisiana." No creyó necesario resolver las demás cuestiones planteadas. Solicitaron entonces los terceros demandantes que se dictara sentencia y al así hacerse apelaron de ella para ante nos. Sostienen ahora que el tribunal inferior erró al desestimar la demanda de tercero radicada.

¿Existe el derecho de contribución (*contribution*) en Puerto Rico y aduce la demanda presentada en este caso hechos determinantes de una causa de acción? Ésa debe ser, a nuestro juicio, la primera cuestión a resolverse. En la mayoría de los estados de la Unión que se rigen por la Ley Común no existe hoy en día el derecho de contribución cuando el daño a un tercero se ha debido a la negligencia combinada

o concurrente de dos o más personas. Esa regla tuvo su origen en el antiguo caso inglés de *Merryweather* v. *Nixan*, 8 Term Rep. 186, 101 Eng. Rep. 1337, resuelto por la Corte del Rey (King's Bench) en el año 1799. El mismo ha sido objeto, sin embargo, de tan severas críticas, tanto en Inglaterra como en el continente americano, que en la actualidad ese principio lejos de ser la regla podría decirse que constituye la excepción. En Inglaterra misma ha quedado limitado a aquellos casos en que el daño ha sido causado por la acción voluntaria e intencional de dos o más personas, permitiéndose el derecho de contribución cuando el daño es el resultado de la negligencia concurrente de ellas. Aunque en los Estados Unidos la mayoría de las jurisdicciones aún se adhiere a dicho principio, ha habido cinco estados[1] y el Distrito de Columbia que aun sin legislación lo han modificado y llegado a la conclusión de que debe permitirse el derecho de contribución en casos de negligencia concurrente. Otros quince estados[2] por legislación han modificado el principio y permitido el derecho de contribución. Es más, aun se ha redactado por *The National Conference of Commissioners on Uniform State Laws and Proceedings* y por el *American Law Institute* un proyecto de ley intitulado "Uniform Contribution Among Tortfeasors Act" bajo el cual se autoriza el derecho de contribución entre aquéllos que por su negligencia concurrente causan daño a un semejante, y ese proyecto se ha convertido en ley en seis de los 48 estados y en el Territorio de Hawaii.[3] *Handbook of the National Conference of Commissioners on Uniform State Laws and Proceedings of the Forty-Ninth Annual Conference* (1939), páginas 240, 243; *Uniform Laws Annotated*, Vol. 9, pág. 161, así como *Knell* v. *Feltman*, 174 F.2d 662; *Underwriters at Lloyds* v. *Smith*, 208 N.W. 13; *Furbeck* v. *I. Gevurtz*, 72

[1] Pensilvania, Wisconsin, Minnesota, Louisiana y Oregón. Véase Prosser *on Torts*, pág. 1113.

[2] Véase *Knell* v. *Feltman*, 174 F.2d 662, 666.

[3] Véanse 8 A.L.R.2d 196 y Uniform Laws Annotated, Vol. 9, 1950 Cumulative Annual Pocket Part, pág. 32.

Ore. 12, 143 Pac. 654, 922; *Ellis* v. *Chicago & N.W. Ry. Co.*, 167 N.W. 1048; *American Employers Insurance Co.* v. *Gulf States U. Co.*, 4 So.2d 628; *De Cuers* v. *Crane Co.*, 40 So.2d 61, 71; *Gray et al* v. *Hartford Accident & Indemnity Co.*, 31 Fed. Supp. 299; Prosser *on Torts* (ed. 1941) 1111; *Restatement of the Law, Restitution* (1937), págs. 385, 389; y *Notes on Restatement of Restitution,* págs. 112, 166; 11 A.L.R. 2d 230; 85 A.L.R. 1086, 1091; 13 Am. Jur. págs. 6, 37, 42, 44, 48 y 52; 54 Harvard L.Rev. 1170, 1184; 45 Harvard L.Rev. 369, 25 Calif. L.Rev. 413; 81 Univ. of Pa. L.Rev. 130; 45 Yale Law Journal 1528; 21 Cornell L.Q. 552; 4 Louisiana L.Rev. 451; 1 Louisiana L.Rev. 235; 9 Tulane L.Rev. 125.

En Puerto Rico no existe precepto sustantivo alguno que de manera expresa disponga el derecho de contribución entre dos o más personas cuya negligencia concurrente ocasiona daño a un tercero. Tenemos, sin embargo, la Regla 14(*a*) de Enjuiciamiento Civil que provee:

*"Cuándo Podrá un Demandado Hacer Parte a Otra Persona.* —Antes de notificar su contestación, el demandado puede, mediante moción ex parte, o, después de notificada su contestación, mediante notificación al demandante, solicitar permiso como tercero demandante para notificar un emplazamiento y demanda a una persona que no sea una de las partes en la acción y la cual sea o pueda resultar responsable a él o al demandante por todo o parte de la reclamación de éste contra él. Si se concede la moción y se notifican el emplazamiento y la demanda, la persona así emplazada, la que en lo sucesivo llamaremos tercero demandado, presentará sus defensas como se dispone en la Regla 12, y sus reconvenciones y reclamaciones recíprocas contra el demandante, el tercero demandante o cualquier otra parte según se dispone en la Regla 13. El tercero demandado podrá oponer cualesquiera defensas que el tercero demandante tuviere contra la reclamación del demandante. El tercero demandado quedará obligado por la adjudicación que se hiciere sobre la responsabilidad del tercero demandante para con el demandante, así como por su propia responsabilidad para con el demandante o pará con el tercero demandante. El de-

mandante podrá enmendar sus alegaciones para exponer contra el tercero demandado cualquier reclamación que el demandante pudiera haber expuesto contra el tercero. demandado si éste hubiere sido originalmente hecho parte demandada. Un tercero demandado podrá proceder de acuerdo con esta Regla contra cualquier persona que no sea parte en la acción que sea o pueda ser responsable a él o al tercero demandante por la totalidad o parte de la reclamación hecha en el pleito contra el tercero demandado."

Ésa es, no obstante, una regla de derecho procesal, y según dijimos en *García* v. *Gobierno de la Capital,* supra, a la página 341 ella "no concede derechos sustantivos a los litigantes." El de contribución es un derecho sustantivo. 11 A.L.R.2d, supra. Se hace necesario, por tanto, determinar si existe en esta jurisdicción algún precepto de derecho sustantivo que permita la contribución. Reiteradamente hemos resuelto que "cuando un daño es el resultado de la negligencia combinada de varias personas, tales personas son responsables solidaria y mancomunadamente a la persona perjudicada y puede establecerse una acción contra uno o todos los que ocasionan dicho daño." *Rivera* v. *Great Am. Indemnity Co.,* 70 D.P.R. 825 y casos citados a la página 828. Por otra parte, el artículo 1098 de nuestro Código Civil, ed. 1930, dispone que "El pago hecho por uno de los deudores solidarios extingue la obligación", y que "El que hizo el pago sólo puede reclamar de sus codeudores la parte que a cada uno corresponda, con los intereses del anticipo." Interpretando esta última disposición del Código Civil el tribunal inferior llegó a la conclusión de que el mismo sólo era aplicable a casos *ex contractu* y no a casos *ex delicto.* Discrepamos. El caso de *Rivera* v. *Great Am. Indemnity Co.,* supra, y los casos en él citados demuestran claramente lo contrario. Véanse también *Shannon* v. *Massachusetts Bonding & Ins. Co.,* 62 Fed. Supp. 532, 539; *Gray* v. *Hartford Accident & Indemnity Co.,* supra a la página 303; 4 Louisiana L.Rev., supra; *Southern Ry Co.* v. *City of Rome,* 179 Ga. 449, 176 S.E. 7. Ahora bien, ¿surge el derecho sus-

tantivo de contribución de lo preceptuado por el artículo 1098, supra? Tomado el mismo aisladamente no, pero interpretado conjuntamente con el principio establecido por nosotros, al efecto de que resulta ser solidaria la sentencia dictada contra dos o más personas cuando la negligencia concurrente o combinada de ellas causa daño a otra, puede claramente llegarse a la conclusión de que en esta Isla existe el derecho sustantivo de contribución en casos como el que nos ocupa. Aunque el artículo 1098 ya citado habla del pago hecho por uno de los deudores solidarios, lo que parece dar a entender que para repetirse contra otra u otras personas obligadas solidariamente es menester que el pago, como cuestión de hecho, se haya efectuado, tal requisito previo no es necesario en casos como el presente, puesto que de momento sólo se interesa se traiga al pleito a todas aquellas personas que por su negligencia concurrente sean o puedan resultar responsables a los terceros demandantes o al demandante mismo de toda la reclamación o de parte de ésta. (⁴) El derecho de contribución no surge hasta que se efectúa el pago. *Associated Transport* v. *Bonoumo*, 62 A.2d 281.

El permitir que otras personas causantes del daño sean traídas al pleito resulta altamente saludable, ya que entonces pueden ventilarse en un solo juicio los derechos de todos los interesados, y de determinarse que el daño ha sido causado por la negligencia concurrente de un demandado y de terceros demandados entonces surge de manera palmaria, de pagar uno de ellos la totalidad de la sentencia o más de la parte que le corresponde, el derecho de contribución. Por

---

(⁴) En Francia se ha resuelto, al igual que en Puerto Rico, que la responsabilidad de las personas que por su negligencia concurrente causan daño a un tercero es solidaria, aunque no haya un estatuto al efecto. 4 La. L.Rev. 451, 454; *Shannon* v. *Massachusetts Bonding & Ins. Co.*, 62 Fed. Supp. 532, 539. Y los tratadistas franceses están contestes en que el derecho de contribución entre personas que por su negligencia concurrente ocasionan daño a otra es una consecuencia necesaria del precepto de ley que hace que la responsabilidad de tales personas sea solidaria. *Gray* v. *Hartford Accident & Indemnity Co.*, 31 Fed. Supp. 299, 302.

tanto, la demanda de tercero radicada por los demandados, en los términos en que está ahora concebida, aduce hechos determinantes de una causa de acción.(⁵)

■■ Determinado ya que el derecho de contribución existe en Puerto Rico, procederemos en seguida a resolver las demás cuestiones planteadas por la moción para desestimar radicada por los terceros demandados y discutidas en su totalidad por los terceros demandantes en su alegato. La demanda contra éstos fué presentada dentro del año de ocurrido el accidente. Se radicó, por tanto, en tiempo. Artículo 1868 Código Civil, ed. 1930.(⁶) El accidente ocurrió en 28 de junio de 1946 y la demanda de tercero que está ante nos no fué instada hasta el 4 de agosto de 1949.(⁷) A primera vista la misma estaba prescrita. Empero, el propio Código Civil en sus artículos 1094 y 1874 dispone, respectivamente, en lo aquí pertinente, que "Las acciones ejercitadas contra cualquiera de los deudores solidarios perjudicarán a todos éstos" y que "La interrupción de la prescripción de acciones en las obligaciones solidarias aprovecha o perjudica por igual a todos los acreedores y deudores." Habiéndose interpuesto

---

(⁵) El derecho a traer·al pleito a deudores solidarios con el objeto de establecer el derecho de contribución no es algo desconocido en nuestro Derecho Civil. Véase, por ejemplo, el artículo 1037 del Código Civil, ed. 1930, el cual provee:

"Hecha la partición, los acreedores podrán exigir el pago de sus deudas por entero de cualquiera de los herederos que no hubiere aceptado la herencia a beneficio de inventario, o hasta donde alcance su porción hereditaria, en el caso de haberla admitido con dicho beneficio.

"En uno˚y otro caso, el demandado tendrá derecho a hacer citar y emplazar a sus coherederos, a menos que por disposición del testador, o a consecuencia de la partición, hubiere quedado él solo obligado al pago de la deuda."

Véase asimismo 95 Jurisprudencia Civil 564, 573.

(⁶) El artículo 1868 del Código Civil, ed. 1930, en lo esencial, provee: "Prescriben por el transcurso de un año: . . . 2.—La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1802 desde que lo supo el agraviado."

(⁷) La primera demanda de tercero fué radicada el 19 de septiembre de 1947, de manera que también lo fué después de transcurrido el año desde la fecha en que ocurrió el accidente.

la demanda original contra los terceros demandantes dentro del año, a tenor de los preceptos que acabamos de enunciar la prescripción contra los terceros demandados había sido interrumpida y la demanda de tercero resultaba, por ende, radicada en tiempo. (8)

Ya hemos indicado que el fundamento principal a virtud del cual el tribunal inferior declaró sin lugar la moción para desestimar fué el hecho de haber el demandante transigido con los terceros demandados cualesquiera derechos que aquél pudiera tener contra éstos por la suma de $500 y haberles relevado y descargado de toda reclamación. La jurisprudencia se pronuncia, sin embargo, en sentido contrario a la conclusión a que llegó el tribunal inferior. El derecho de contribución se basa principalmente en la equidad, toda vez que resulta completamente injusto y contrario á ésta que siendo dos o más las personas causantes del daño, se permita que el demandante por razón de parentesco, de amistad, por colusion, o por haber prometido algunas de ellas declarar en favor del caso del demandante, o por cualquier otro motivo, releve a éstas de responsabilidad por una suma inadecuada y dirija su acción exclusivamente contra aquél o aquéllos con quienes no les unen nexos de parentesco o de amistad, etc., que con frecuencia resultan ser los más solventes. Según se dijo en *Gray* v. *Hartford Accident & Indemnity Co.*, 32 Fed. Supp. 335, 337, "La lógica dominante del caso, después de todo, es que ningún demandante tiene derecho a preferir a un demandado con exclusión de los demás en casos de accidentes, cuando hay, o pueden haber, varias personas causantes del daño. La relación legal queda establecida sustancialmente al momento del accidente y las partes no pueden, con posterioridad al mismo, alterar con alegaciones técnicas el derecho sustantivo." En Puerto Rico tene-

---

(8) Véanse 8 Manresa, Código Civil Español (Ed. 1950), pág. 435; Op. cit. tomo 12, pág. 818; *Gray et al* v. *Hartford Accident & Indemnity Co.*, 36 Fed. Supp. 780, en el cual se discute una cuestión idéntica a la aquí envuelta y en el que se interpreta un estatuto similar al nuestro; y 149 A. L. R. 1186.

mos un precepto de ley que cubre claramente la situación. Éste lo es el artículo 1099 del Código Civil, ed. 1930, que textualmente copiado reza así:

"La quita o remisión hecha por el acreedor de la parte que afecte a uno de los deudores solidarios, no libra a éste de su responsabilidad para con los codeudores, en el caso de que la deuda haya sido pagada por cualquiera de ellos."

El relevo y descargo otorgado por el demandante García Molina en favor de los terceros demandados no fué otra cosa que una quita o remisión hecha por el acreedor de la parte que afectaba a éstos. Tal quita o remisión lo fué, naturalmente, tan sólo de aquella parte que pudiera afectar a dichos terceros demandados como deudores solidarios y la misma no libraba a éstos de su responsabilidad para con los demás deudores en el caso de que, celebrado el juicio, la corte dictara sentencia declarando que el accidente se debió a la negligencia concurrente del Gobierno de la Capital y Ricardo Quintero, condenara a éstos a pagar al demandante una suma mayor que la que sirvió de base a dicho relevo y descargo, y esa suma mayor fuera pagada por los terceros demandantes. Véanse, además, *Méndez* v. *Torres*, 56 D.P.R. 74, 77, 79, y Manresa, Código Civil Español, Tomo 8, Vol. I, ed. 1950, págs. 454 y siguientes. *Cf. Restatement of the Law, Torts*, 463, sección 885 (1939); *Gray* v. *Hartford Accident & Indemnity Company*, 32 Fed. Supp. 335; 8 A.L.R. 2d 196; 168 A.L.R. 610; 85 A.L.R. 1095; 25 Calif. L.Rev. 423; Handbook of The National Conference of Commissioners, supra, sección 5. Fué, por tanto, un error del tribunal inferior dictar su resolución en la forma en que lo hizo. La comisión del mismo conlleva la revocación de la sentencia.

La defensa de cosa juzgada no procede en este caso. Cierto es que este Tribunal a virtud de su sentencia de 21 de julio de 1949 confirmó la dictada por el tribunal inferior en relación con la demanda de tercero en que se alegaba negligencia exclusiva por parte de los terceros de-

mandados. No obstante, en nuestra opinión citada claramente hicimos constar que bajo la Regla 14 (a) puede instarse una demanda de tercero cuando la alegación de responsabilidad en el tercero demandado se hace en forma alternativa. Fué precisamente una demanda en forma alternativa la ulteriormente radicada por los terceros demandantes. Como la moción para desestimar presentada en este caso por los terceros demandados tuvo el efecto y alcance de una excepción previa, la alegación de cosa juzgada era improcedente. *Onna* v. *The Texas Co.*, 64 D.P.R. 520, 522 y *Aguilera* v. *Pérez*, 51 D.P.R. 1, 6, en el cual dijimos que "Una sentencia declarando con lugar una excepción previa de falta de causa de acción no sostiene una defensa de *res judicata* a una demanda en la cual se subsana el error cometido, incluyendo la alegación esencial omitida en la primera demanda." Precisamente eso fué lo ocurrido en el presente caso. Véanse además *Meléndez* v. *Cividanes*, 63 D.P.R. 4, 12; *Muñoz* v. *Pardo*, 68 D.P.R. 612, 616; *Pucheu* v. *National Surety Corporation*, 87 Fed. Supp. 558.

Hemos preferido discutir todas las cuestiones de derecho planteadas por la moción para desestimar, radicada por los terceros demandados, a pesar de que no todas aquéllas fueron resueltas por el tribunal inferior, debido al hecho de que han transcurrido poco menos de cuatro años desde que se radicó la demanda original en este caso y el mismo no se ha visto en sus méritos. Preferimos que por motivos técnicos este caso no vuelva nuevamente ante nos.

*Debe revocarse la sentencia apelada y devolverse el caso al tribunal inferior para ulteriores procedimientos no incompatibles con esta opinión.*

El Juez Asociado Sr. Snyder no intervino.