Plaintiff's motion for a summary judgment upon its amended complaint and to dismiss defendant Hess Oil Virgin Islands Corporation's first, second and third counter claims having come on for hearing on January 23, 1967 and plaintiff appearing by Attorney Russell B. Johnson and Attorney James E. Nickerson, of counsel, and defendant, Hess Oil and Chemical Corp., appearing by Attorneys McGowan & Loud by Attorney Wm. Loud and Atty. Wm. E. Jackson, of counsel and counsel having been heard and upon all of the papers and pleadings on file herein; it is

ORDERED:

1. That plaintiff's motion for a summary judgment upon its amended complaint is denied.

2. That plaintiff's motion for a summary judgment dismissing defendant Hess' first counter claim is denied.

3. That plaintiff's motion for a summary judgment dismissing defendant Hess' second counter claim is denied.

4. That plaintiff's motion for a summary judgment dismissing defendant Hess' third counter claim is granted.

Quing N. WONG, Plaintiff,

v.

KEY FINANCE CORPORATION, Borinquen Finance Corporation, BFC Corporation and Banco Credito Y Ahorro Ponceño, Defendants.

Civ. No. 360–66.

United States District Court
D. Puerto Rico.

March 16, 1967.

Parke, Graves & Rodriguez Maduro, San Juan, P. R., for plaintiff.

Gonzalez & Rodriguez, Santruce, P. R., Fiddler, Gonzalez & Rodriguez, Miranda Cardenas & Gallardo, San Juan, P. R., for defendants.

## MEMORANDUM

CANCIO, Chief Judge.

This case has been brought before the Court on several motions.

The facts, as set forth in the complaint of this case, are essentially these:

On or about September 14, 1963 Plaintiff, Wong, executed and delivered to Banco Crédito a written guaranty which provided that Plaintiff, Wong, guaranteed to Banco Crédito the payment of liabilities of Borinquen Finance Corporation to Banco Crédito up to an aggregate principal sum of $50,000. Shortly thereafter, Banco Crédito loaned to Borinquen Finance $50,000 on a promissory note. Allegedly that amount has not been paid since the note became executory.

Thereafter, Banco Crédito secured judgment against Plaintiff, Wong, in the Courts of New York and is in the process of executing judgment. The Bank has not attempted to recover from the principals of the note. Plaintiff, Wong, now seeks to have this Court enter judgment against Borinquen Finance Corporation and its alleged successors in business, Key Finance Corporation and BFC Corporation, ordering these to make whole the debt of Borinquen Finance Corporation to Banco Crédito and thus exonerate Plaintiff, Wong. Concededly, Plaintiff, Wong, would not be exonerated if the Principal or their subrogates did not comply.

For the sake of clarity, we shall enounce the motions as follows:

1. Motion of Defendant BFC Corporation to dismiss on the following grounds:

 a. that there is lack of jurisdiction since the plaintiff, an alien, does not allege that he is not domiciled in Puerto Rico;

 b. that the complaint fails to allege a claim against BFC Corporation upon which relief can be granted;

 c. that Defendant BFC Corporation is not bound by co-defendant Borinquen Finance Corporation's alleged obligation to Plaintiff and even so, Plaintiff has no right of action against defendant because:

 (1) Plaintiff is a joint debtor and cannot recover until he has paid;

 (2) Plaintiff has not made payment to Banco Crédito y Ahorro Ponceño, the creditor, of the amount allegedly owed by Borinquen Finance Corporation;

 (3) Plaintiff obligated himself not to bring any action whatsoever against Borinquen until it paid in full any amounts owed by it to Banco Crédito.

2. Motion of Defendants Key Finance Corporation and Borinquen Finance Corporation to dismiss on the following grounds:

 a. that an allegation of Plaintiff being citizen of another nation is not enough to give this Court jurisdiction;

 b. that the action filed by Plaintiff is one for contribution to which a joint debtor is entitled, which

right does not accrue to Plaintiff until he makes payment;

c. that Plaintiff cannot bring this action because he obligated himself not to bring any action whatever until Borinquen Finance Corporation had paid in full all amounts owed to Banco Crédito, which it has not done; and,

d. that the complaint fails to state a claim against the parties.

3. Motion by Plaintiff, Wong, for Summary Judgment.

4. Motion by Defendants Key Finance Corporation and Borinquen Finance Corporation for continuance of Plaintiff's motion for Summary Judgment.

### I

■ The issues raised under 1a and 2a set out above are no longer in dispute. Plaintiff, Wong, alleged in paragraph 1 of his complaint that he was a citizen of the Republic of China (Nationalist China: Taiwan); he further asserted in a sworn statement addressed to this Court that he is a resident of Middleburg, Virginia, that he is not domiciled in Puerto Rico, and that he was not domiciled in Puerto Rico at the time the action was commenced. Thus, as regards diversity, this Court has jurisdiction under 48 U.S.C.A. § 863 and under 28 U.S.C.A. § 1332.

### II

■ The allegations under 1b and 2d are patently frivolous. Taking the complaint strictly at its face value, if Plaintiff should prevail in his allegations he would clearly have relief from the Defendants herein.

### III

■ The allegations under 1c(3) and 2c are also frivolous. Granting for the sake of argument that Plaintiff obligated himself so as not to bring any action against Defendant Borinquen Finance Corporation until it had satisfied its debts to Banco Crédito, this can-

not be taken as a bar to an action to secure the payment of that very debt.

### IV

■ Plaintiff, Wong's, motion for Summary Judgment is premature since there are several matters of fact which are far from clear and which will require evidence.

### V

■ Since the motion for Summary Judgment is premature, Defendants Key Finance Corporation and Borinquen Finance Corporation's motion for continuance of the motion of Summary Judgment is moot, as will be seen further on.

### VI

All three defendants involved in these motions have brought up as a defense that Plaintiff, Wong, can not press the action nor seek the relief requested herein because he has no standing. On the one hand, it is alleged that under the terms of the guaranty entered upon by Mr. Wong on behalf of Borinquen Finance Corporation and in favor of Banco Crédito y Ahorro Ponceño, the Plaintiff became a joint and several obligee together with Borinquen Finance. It is further alleged that, as such, he is a principal debtor and cannot claim from a joint debtor until he has paid the debt. This would clearly be so if he were requesting restitution for himself. It is not so clear here, for he is suing for judgment ordering the main debtor under the note to make direct payment to the creditor, who is entitled to recover immediately from either or all joint debtors.

It may be said in passing that in the action pursued in the Supreme Court of the State of New York by Banco Crédito against Mr. Wong, it does not appear that he attempted to implead defendants herein. He had this opportunity and did not take advantage of it.

The marrow of the question to be answered here is the juridical nature of the obligation, entered upon by Mr. Wong in relation to Banco Crédito and Defendant Borinquen Finance Corporation.

Whatever the relations between the three defendant corporations may be, those are questions of fact requiring a hearing and the submission of evidence. At this time, we are in no way passing upon these latter questions.

Under the terms of the guaranty, Mr. Wong obligated himself as follows:

"＊　＊　＊ the undersigned, and each of them, hereby guarantees jointly and severally with the borrower, the punctual payment at maturity to you. ＊ ＊"

Defendant BFC Corporation contends that where a surety is jointly and severally bound with the principal obligor, he is not a subsidiary debtor and his obligations are governed by the provisions of the Civil Code pertaining to solidary obligations. The Civil Code of Puerto Rico deals with solidary obligations under Article 1090 (31 L.P.R.A. 3101) and following. There, the term used is *"solidaria"* which has been translated in the English version as "joint". According to Black's Law Dictionary, the term "solidary" is treated as follows:

SOLIDARY. A term of civil-law origin, signifying that the right or interest spoken of is joint or common. A "solidary obligation" corresponds to a "joint and several" obligation in the common law; that is, one for which several debtors are bound in such wise that each is liable for the entire amount, and not merely for his proportionate share. But in the civil law the term also includes the case where there are several creditors, as against a common debtor, each of whom is entitled to receive the entire debt and give an acquittance for it.

On the other hand, a joint and several obligation or liability is defined as follows:

JOINT AND SEVERAL. A liability is said to be joint and several when a creditor may sue one or more of the parties to such liability separately, or all of them together at his option. Dicey, Parties 230.

1 Bouv. Law Dict. Rawle's Third Revision, p. 1702 defines a joint liability in the following manner:

A joint liability on choses in action implies that though each person subject to it is liable for the whole, they are all treated in law as together constituting one legal entity and must be sued together or a release to one will operate in favor of all. One who pays the debt is entitled to contribution (q. v.).

 Merely from looking at the dictionary definitions given to these terms, it is clear that although the juridical figures they are referring to are somewhat similar, there are fundamental differences between the obligations they refer to, as well as between the rights and actions derived from them. Thus, since the Civil Code of Puerto Rico is controlling on the matters brought up here, and since the Spanish language must prevail on the interpretation of the Civil Code, we shall, in considering the nature of the obligation incurred, be bound by this Code and that language.

 Plaintiff in the case at Bar signed a document wherein, as we have seen, he pledged himself to guarantee punctual payment at maturity, on moneys up to a certain limit ($50,000), where a third party was to receive the benefits. This is tantamount to signing a promissory note with another as principal in order that that principal may receive some moneys. This is a contract of suretyship. Pérez v. Santiago Hnos., 1927, 37 P.R.R. 15, and such contracts are governed by Article 1721 of the Civil Code of Puerto Rico (31 L.P.R.A. 4871).[1]

1. The original Spanish text of 31 L.P.R.A. 4871 is:

Por la fianza se obliga uno a pagar o cumplir por un tercero, en el caso de no hacerlo éste.

Si el fiador se obligare solidariamente con el deudor principal se observará lo dispuesto en el Subcapítulo IV, Capítulo 245 de este título.

Under said Article, it is stated:

By security [fianza] a person binds himself to pay or perform for a third person in case the latter should fail to do so.

If the surety binds himself jointly [2] [solidarily] with the principal debtor, the provisions of subchapter IV, Chapter 245 of this Title shall be observed.

Hence, the law is clear. In an obligation such as the one entered upon by Mr. Wong, we must refer back to Article 1090 and following of the Civil Code. (31 L.P.R.A. 3101.)

█ Where a debt is *in solido*, a creditor may sue any of the solidary debtors or all of them simultaneously, according to his own choice.

A creditor may sue any of the joint [solidary] debtors or all of them simultaneously. The actions instituted against one shall not be an obstacle for those that may be brought subsequently against the others, as long as it does not appear that the debt has been collected in full. Civil Code of Puerto Rico, Article 1097, 31 L.P.R.A. 3108.[3]

█ In the case at Bar, the creditor, a former defendant herein, Banco Crédito y Ahorro Ponceño,[4] chose to pursue its cause of action against Plaintiff herein, Mr. Wong, in the courts of the State of New York. There it obtained a judgment against him. That judgment is not in question. And, under Article 1097 of the Civil Code (31 L.P.R.A. 3108), Plaintiff is under an obligation to pay the debt and to comply with the judgment of the Supreme Court of the State of New York, irrespective of any ruling we may make regarding the principal debtors in this case.

█ Once Plaintiff has complied with his obligation, the debt is extinguished as to all debtors. However, at that moment, and not before, a new obligation will become executory on the other solidary debtors; that of compensation. This has been clearly set forth in the law. Civil Code Article 1098 (31 L.P.R.A. 3109):[5]

The payment made by any of the joint [solidary] debtors extinguishes the obligation.

The person who made the payment can only claim from his codebtors the shares pertaining to each one with interest on the amounts advanced.

The nonfulfillment of the obligation by reason of the insolvency of a joint [solidary] debtor shall be made good by his codebtors in proportion to the debt of each of them.

In this situation, it has been held that the right of contribution does not accrue before payment by one of the solidary debtors. Garcia v. Gobierno de la Capital, 1951, 72 D.P.R. 138, 72 P.R.R. 133.

In interpreting a similar Article of the Civil Code of Louisiana,[6] the Court of

---

2. As noted in the previous footnote, the original Spanish text uses the term "solidariamente", which means "in a solidary manner".

3. Original Spanish text of 31 L.P.R.A. 3108 is:

El acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente. Las reclamaciones entabladas contra uno no serán obstáculo para las que posteriormente se dirijan contra los demás, mientras no resulte cobrada la deuda por completo.

4. Dismissal was granted as to this defendant on September 14, 1966.

5. The original Spanish text of Article 1098 (31 L.P.R.A. 3109) is:

El pago hecho por uno de los deudores solidarios extingue la obligación.

El que hizo el pago sólo puede reclamar de sus co deudores la parte que a cada uno corresponda, con los intereses de anticipo.

La falta de cumplimiento de la obligación por insolvencia del deudor solidario será suplida por sus codeudores a prorrata de la deuda de cada uno.

6. The obligation contracted in solido towards the creditor, is of right divided amongst the debtors, who, amongst themselves, are liable only for his part and portion. Civil Code of Louisiana, Article 2103, 7 L.S.A. Civil Code, Art. 2103.

Appeals of the State of Louisiana pointed out that if one or more solidary judgment debtors is forced to pay the entire judgment, the debtor so forced has the right to force the others to contribute on a *pro rata* basis. May v. Cooperative Cab Co., La.App., 1951, 52 So.2d 74. It would seem from this that satisfaction of the debt is necessary before the satisfying debtor can sue his codebtors.

This is further pointed out by Article 2104 of the Louisiana Civil Code:

> If one of the debtors *in solido* pays the whole debt, he can claim from the others no more than the part and portion of each.

> If one of them is insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent codebtors and him who has made the payment. 7 L.S.A. Civil Code, Art. 2104.

Finally, when Article 2103 of the Civil Code of Louisiana was amended (Acts 1960, No. 30, sec. 1), it made specific inclusions for the impleading of codebtors when one solidary debtor is sued.

It should be noted also that the commentators and treatists point out what the rights of a solidary debtor are, regarding his codebtors, once he has *already paid* in excess of his portion or the totality of the debt. See IV Aubry et Rau 298b (Louisiana State Law Institute): 8 Manresa, Comentarios al Código civil 214 (2d Edition); 3 Touiller et Duvergier, Le Droit civil francais 445 (6th Edition). 8-1 Manresa, Comentarios al Código civil, 449 (5th Edition); 3 Espín Cánovas, Manual de Derecho civil español 106; 3 Castán, Derecho civil español comín y foral, 95 (9th Edition).

However, the matter does not end here. Plaintiff in this case is a solidary debtor because of his relation to the principal debtor as a guarantor (*fiador*). The solidary relationship manifests itself exteriorly in the relations between the debtor-guarantor and the creditor. The internal relationships between the guarantor and the principal debtor are not changed by the solidary characteristic of the guaranty in so far as the creditor is concerned. With relation to the principal debtor, we must take into consideration the Sentence of the Supreme Court of Spain of April 21, 1931, wherein it was stated that even in those cases where the guaranty is solidary, the guarantor retains all of the other rights and actions which, because of the guaranty contract, correspond to him against the principal debtor. See I-II Puig Brutau, Fundamentos de Derecho Civil, 202.

Article 1742 of the Civil Code of Puerto Rico (31 L.P.R.A. 4916),[7] which is equivalent to Article 1843 of the Spanish Civil Code, states:

> The surety, even before paying, may proceed against the principal debtor:
>
> 1. When he is sued for payment.
> 2. In case of bankruptcy or insolvency.
> 3. When the debtor has bound himself to relieve him from the se-

---

7. Original Spanish text of Article 1742 (31 L.P.R.A. 4916) is:

El fiador, aún antes de haber pagado, puede proceder contra el deudor principal:
1. Cuando se ve demandado judicialmente para el pago.
2. En caso de quiebra, concurso o insolvencia.
3. Cuando el deudor se ha obligado a relevarle de la fianza en un plazo determinado y este plazo se ha vencido.
4. Cuando la deuda ha llegado a hacerse exigible, por haber cumplido el plazo en que debe satisfacerse.

5. Al cabo de diez años, cuando la obligación principal no tiene término fijo para su vencimiento a menos que sea de tal naturaleza que no pueda extinguirse sino en un plazo mayor de los diez años.

En todos estos casos la acción del fiador tiende a obtener relevación de la fianba o una garantía que lo ponga a cubierto de los procedimientos del acreedor y del peligro de insolvencia en el deudor.

curity within a specified term, and this term has expired.

4. When the debt has become demandable because the term in which it should have been paid has expired.

5. At the end of ten years, when the principal obligation has not a fixed term for its expiration, unless it be of such a nature that it cannot be extinguished except in a period greater than ten years.

In all these cases, the action of the surety tends to obtain his release from the security or a guaranty to defend him against any proceedings of the creditor and from the danger of insolvency of the debtor.

 As the second paragraph of this article points out, the main purpose of granting these actions to the guarantor (*fiador*), even before he has made payment of the principal debt, is to protect him from an entire loss and even to preserve his right to collect the entire debt from the principal debtor. A guarantor who has become a solidary debtor has not, because of this, waived his subsidiary rights as a guarantor. He preserves those rights which are not incompatible with his obligations as a guarantor and solidary debtor.

 As guarantor and solidary debtor, Plaintiff can come into Court and request what protection may be available to him in order to preserve the eventual credit he will have. However, and this must be clearly understood by Plaintiff herein, he cannot raise this action as a bar to his solidary obligation to Banco Crédito y Ahorro Ponceño, nor can he raise this action as a bar to that Creditor's right to collect the entire debt from him under the judgment secured by the bank from the Supreme Court in the State of New York.

It goes without saying that his obligation to pay the bank remains intact and this ruling does not have the effect of altering, in any manner whatsoever, the judicial proceedings in the State of New York.

 Plaintiff says that he is not trying to recover for himself but rather that he is trying to recover for the creditor Banco Crédito y Ahorro Ponceño. In this he is still more in error than in any other of his pretensions. If Banco Crédito had to wait until all codebtors made good their promise, there would be practically no use for the institution of solidary debtors. In fact, to rule that he is correct would put an end to the millions of transactions in which solidary guarantors are required to sign together with the main debtor as solidary debtors.

Furthermore, Rule 17(a) of the Federal Rules of Civil Procedure states that every action shall be prosecuted in the name of the real party in interest. It also permits a party to bring an action where it has entered upon a contract for the benefit of another. In this case, the party beneficiary should be joined. The facts of the case at bar, as admitted by the parties, show that the Bank is an adverse party to the interest of Plaintiff and was originally joined as a defendant, although it was later dismissed at its request. Still further, the Bank has exercised its choice in proceeding against Plaintiff in another forum and has obtained judgment for the full amount of the note due as against plaintiff herein. Hence, it appears that plaintiff has no standing to sue on behalf of the Bank.

 Taking into account the distinctions we have analyzed in the preceding pages between obligations which are solidary and grantors who are also solidary obligees, plaintiff, as a solidary debtor, has no standing, in this Court, to sue his codebtors on the solidary obligation they joined in. To do so, as a solidary debtor, he would first be required to satisfy the debt thereby subrogating himself in the rights of the creditor, and then he could sue his codebtors to collect from them their share in the debt. Civil Code, Art. 1098 (31 L.P.R.A. 3109). However, this does not

exhaust the particular rights and actions available to plaintiff.

As a guarantor (fiador), plaintiff has other remedies he may seek in order to protect his possibilities of recovering as against the principal debtor and his successors in the obligation. These remedies are set forth in Article 1742 of the Civil Code, which we have explained above. However, the remedies sought by plaintiff, Wong, in this action are not sanctioned by the Code nor are they available thereunder.

In his complaint, plaintiff, Wong, pleads the Court to enter a judgment and decree:

(a) temporarily enjoining defendants Key Finance Corporation, Borinquen Finance Corporation and BFC Corporation from continuing to fail and refuse to pay to defendant Banco Crédito y Ahorro Ponceño the principal sum of $50,000 due and owing on the aforesaid promissory note dated September 16, 1963 and directing said defendants to make such payment, thereby relieving plaintiff, Wong, of his obligations as a guarantor of such payment;

(b) appointing a receiver for defendants Key Finance Corporation, Borinquen Finance Corporation and BFC Corporation to marshal their assets and pay the said $50,000 note;

(c) granting plaintiff, Wong, such other and further relief as may be just in the premises;

(d) granting plaintiff, Wong, the costs and disbursements of this action and reasonable attorneys fees.

Plaintiff has not pleaded properly. He pleads for remedies he is not entitled to, and does not plead for those which are available to him. It is his responsibility to seize the Court properly and to bring the law properly before the forum. Not having complied with this responsibility we will dismiss this cause of action without prejudice to the plaintiff's bringing of a proper action.

Judgment to be entered accordingly.