## In re RIO PIEDRAS EXPLOSION LITIGATION

### No. CIV. 96–2443CCC.

United States District Court,
D. Puerto Rico.

March 31, 2000.

Eric Tulla, Francisco Besosa, Neal Manne, Ramon Bauza–Higuera, Fernando Fornaris–Fernandez, Charles Bimbela, Pedro Lugo–Frank, Raul Davila–Rivera, Carlos Fernandez–Lugo, Gerardo Pavia, Pedro Saade–Llorens, Antonio Bauza–Torres, Hector Diaz–Gonzalez, Jaime Mayol–Bianchi, Edgardo Rosario, Eric Quetglas–Jordan, Walter Martinez–Morillo, Jorge Ortiz–Brunet, Osvaldo Carlo–Linares, Jose Pagan–Nieves, Jorge Izquierdo–San–Miguel, Herman Colberg, Artemio Rivera–Rivera, Carlos Rodriguez–Ortiz, Antonio Andino–Elias, Maria Pineiro–Soler, Joseph Frattallone–Marti, Luis Delgado–Rodriguez, Frank Inserni–Milam, Francisco Bruno–Rovira, Antonio Rosello–Rentas, Pedro Salicrup, Luis Blanco–Matos, Iris Aponte–Andino, Wally De–la–Rosa–Vidal, Robert Millan, Andres Guillemard–Noble, Juan Saavedra–Castro, Jose Hernandez–Mayoral, Ramon Gonzalez–Santiago, Benjamin Ortiz–Belaval, Peter Satz–Hanley, Mauricio Hernandez–Arroyo, Maria Hidalgo, Jose Torres–Escalera, Alvaro Calderon–Jr., Enrique Velez–Rodriguez, Renato Barrios, for plaintiffs.

Victor Thomas–Santiago, Thomas Doran–Gelabert, Robert Ricco, Jaime Sifre–Rodriguez, Clotilde Rexach–Benitez, Carlos Silva, Ignacio Rivera–Cordero, Nelson Rochet–Santoro, Melvin Rosario–Rodriguez, Marcos Perez–Cruz, Anibal Escanellas–Rivera, Teodoro Mendez–Lebron, Jose Nazario–Alvarez, Manuel Moreda–Toledo, Richard Graffam–Rodriguez, Juan Masini–Soler, Glenn Ballard, Charles Cheek, Michael Buxton, David Matthews, Enrique Mendoza–Mendez, Felix Roman–Carrasquillo, Steven Lausell–Stewart, Victor Pagan, Miguel Pagan–Rivera, Raul Gonzalez–Diaz, Marco Rosado–Conde, Guillermo Macari–Grillo, Arnaldo Fernandini–Sanchez, Jose Ramos–Gonzalez, Arturo Luciano–Delgado, Alberto Perez–Hernandez, Jose Rodriguez–Rivera, Francisco Troncoso–Cortes, Carlos Rosado, Freddie Perez–Gonzalez, Steering Committee, Godwin Aldarondo–Girald, Graham Castillo–Pagan, Raymond Sanchez–Maceira, Maricarmen

Almodovar–Diaz, Ubaldo Lugo–Cruz, Luis Rivera–Rodriguez, Maria del Mar Ortiz, Carlos Padin–Perez, Jorge Arroyo–Alejandro, Benny Agosto, Jr., Flavio Alvarez–Cobian, Richard Schell–Asad, Ramon Vargas, David Rive–Rivera, Alberto De–Diego–Collar, Julio Corcino–Mauras, Raymond Rivera–Esteves, Jorge Silva, Ciro Betancourt, Jose Durand–Carrasquillo, Ramon Walker–Merino, Vicente Santori-Coll, Jaime Agrait–Llado, for defendants.

## ORDER

CEREZO, District Judge.

The Court has before it the Motion for Judgment on the Pleadings filed by the Enron defendants requesting dismissal of Civil Action 98–1519 (docket entry 1550), the opposition filed by plaintiff Integrand Assurance Company (docket entry 1611), and the Enron defendants' reply (docket entry 1670). The dismissal request is based on the contention that the one year period for filing tort actions expired and was not interrupted. The opposition and the reply both deal with the effect, as far as tolling by the filing of a judicial claim against one of the joint tortfeasors, of the subrogation action filed by Integrand against San Juan Gas. The issue is narrowed down to a matter already adjudicated by the Supreme Court of Puerto Rico in *Arroyo y otros v. Hospital La Concepción,* 130 D.P.R. 596, 607, 1992 WL 755630 (1992), which movant erroneously argues advances its theory.

The *Arroyo* case contains a detailed discussion of the concept of solidarity. It reviews the doctrinal debate amongst the different commentators to reach the conclusion that liability resulting from an illicit civil act is joint and several and that the tendency is to find in Article 1802 of our Civil Code a statutory declaration of solidarity amongst the several parties responsible for the illicit act. As a result thereof, the Court at page 605 concludes that Article 1090 of our Civil Code, which establishes that solidarity is not presumed, does not apply in the ambit of extra-contractual liability.

The Court went on to entertain the issue of the statute of limitations, given its finding of a statutory declaration of solidarity in Article 1802 of our Civil Code. It cites the lengthy law review article "El Término Prescriptivo y su Interrupción en Acciones en Daños por Responsabilidad Extracontractual Solidaria en el Derecho Puertorriqueño," by Herminio M. Brau, where the author concludes that "the predominant position in the civil doctrine is that our civil code leaves no room for justifying the division of solidarity adopted by the French doctrine, and that therefore, in our system there is only one solidarity ... [and as a result of this it would be applicable to the legal solidarity resulting from the nexus between the joint tortfeasors] all the legal effects of the system and the doctrine assigned to solidarity—the primary as well as the secondary." H.M. Brau, *El término prescriptivo y su Interrupción en Acciones en Daños por Responsabilidad Extracontractual Solidaria en el Derecho Puertorriqueño,* 44 Rev. C. Abo. P.R. 203, 234–236 (translation ours). Citing Spanish commentator Manresa, *Comentarios al Código Civil Español,* p. 963–64 (1951), the Court at page 607 of its opinion concludes that "... the interruption of the limitations period resulting from the acts of one joint creditor benefits all the other co-creditors and in the same manner [said interruption against one of the joint debtors always affects the debtors and] makes all of them partake of the particular legal consequences which relate to any one of them." (Translation ours.)

Brau states this in direct terms at p. 234 of his article, where he concludes that, since there is only one solidarity in our system, "the complaint brought against one of the debtors interrupts the limitations period against the others." (Translation ours). Brau also refers to a 1951 case decided by the Supreme Court of Puerto Rico, *García Molina v. Gobierno De La Capital,* 72 D.P.R. 138, 1951 WL 7683

(1951), where the Court found that, pursuant to Articles 1094 and 1874 of our Civil Code, the filing of a cause of action against a joint participant interrupts the limitations period to the prejudice of all of the rest. *Id.*, at p. 238.

Movants' contention that plaintiff Integrand has placed itself in the predicament of having to allege, prove and prevail in its claim that Enron and San Juan Gas are joint tortfeasors is not consonant with the principles outlined above, particularly so in the face of the statutory declaration of solidarity with respect to Article 1802 which the Court has adopted and the consequences which flow therefrom.

Accordingly, the Motion for Judgment on the Pleadings (docket entry 1550) is DENIED.

SO ORDERED.