# 2001 DTA 169

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL III DE ARECIBO/UTUADO

KM 0.3 CORPORATION
Recurrida

v.

CARMEN I. CALVO JIMENEZ H/N/C CARMEN CALVO-SEGUROS Y FIANZAS; CARMEN I. CALVO JIMENEZ Y JOHN DOE, POR SI Y POR LA SOCIEDAD DE GANANCIALES QUE AMBOS TIENEN CONSTITUIDA; COLONIAL INSURANCE COMPANY, INC.; COMPAÑIAS ASEGURADORAS A Y B; RICHARD ROE
Peticionarias

Núm. KLCE-2001-00057

San Juan, Puerto Rico, a 18 de mayo de 2001

Panel integrado por su Presidente, el Juez Soler Aquino,
y los Jueces Colón Birriel y Escribano Medina

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

La peticionaria Alicia Jiménez (en adelante "*Jiménez*") solicita que expidamos auto de *certiorari* y revoquemos una Orden emitida el 11 de diciembre de 2000, por el Tribunal de Primera Instancia, Sala Superior de Utuado, archivada en los autos el 14 de ese mes y año. *Certiorari*, Orden, a la pág. 58 del apéndice. El dictamen declaró No Ha Lugar una Moción de Desestimación prescritada por Jiménez a los fines de que se desestimare una demanda enmendada presentada por KM 0.3 Corporation (en adelante "*KM 0.3*"), fundamentada en que la causa de acción su contra estaba prescrita. Por su parte, KM 0.3 compareció oponiéndose a la expedición del auto solicitado. Con el beneficio de las comparecencias, resolvemos, no sin antes exponer, en lo pertinente, lo acontecido en el foro recurrido.

### II

Fechada 16 de junio de 1999, KM 0.3, empresa dedicada a una hostelería bajo la razón social Casa Grande, en el municipio de Utuado, representada por su presidente Steven Weingarten (en adelante "*Weingarten*"), radicó Acción Civil contra Carmen I. Calvo Jiménez H/N/C Carmen Calvo Seguros y Fianzas; Carmen I. Calvo Jiménez y John Doe, por sí y por la Sociedad de Gananciales que ambos tienen constituida (en adelante "*Calvo Jiménez*") y contra el agente general de seguros Colonial Insurance Company (en adelante "*Colonial*"); compañías aseguradoras "*A*" y "*B*" y Richard Roe, designadas estas últimas bajo un nombre ficticio. El emplazamiento contra Calvo Jiménez fue expedido el 7 de septiembre de 1999. KM 0.3 alegó en su demanda:

"*a) que Calvo Jiménez era agente y/o corredora de seguros dedicada a la venta de seguros en general y fianzas bajo la razón social Carmen Calvo, Seguros y Fianzas;*

*b) desde el año 1996 hasta octubre de 1997, mantuvo vigente una póliza comercial de propiedad y responsabilidad pública con la compañía de seguros El Fénix para cubrir su negocio conocido como Casa Grande Hotel y Restaurante;*

*c) Calvo Jiménez fue la agente que proveyó la referida póliza, mientras que el agente general que la colocó fue Colonial;*

*d) a fines de agosto de 1996, al aproximarse la fecha de renovación de la póliza, Weingarten le indicó a Calvo Jiménez que interesaba que se le extendiera cubierta de interrupción de negocio ("business interruption"), quien le señaló que El Fénix no proveía ese tipo de cubierta;*

*e) la póliza se mantuvo vigente hasta el 16 de octubre de 1997, por razón de que el Tribunal Superior de Puerto Rico, Sala de San Juan, declaró insolvente a El Fénix, ordenó un procedimiento de liquidación contra ésta al amparo de las disposiciones del Código de Seguros de Puerto Rico, designándose al Comisionado de Seguros como liquidador;*

*f) para fines de agosto de 1997, Calvo Jiménez y Colonial le notificaron que habían procedido a colocar su póliza de seguro con Seguros Triple SSS (en adelante "Triple SSS"), la cual estaría vigente hasta el 29 de septiembre de 1998;*

*g) para mediados de octubre de 1997, al aproximarse la fecha de renovación de la póliza, Weingarten le requirió nuevamente a Calvo Jiménez que interesaba adquirir una cubierta de interrupción de negocio, quien le señaló que Triple SSS no ofrecía, ni tenía en el mercado ese tipo de cubierta;*

*h) el 21 de septiembre de 1998, nuestra Isla sufrió los embates del Huracán Georges, provocando serios daños a su negocio, el que estuvo cerrado y sin operar por más de tres meses, valorándose los daños en una suma no menor de $80,000.00;*

*i) a causa de los actos negligentes, errores y omisiones de los demandados en no informarle que Triple SSS tenía disponible una póliza de interrupción de negocios, provocó que no pudiera obtener una reparación pecuniaria por la pérdida económica que sufriera por el paso del huracán; y*

*j) que Calvo Jiménez, como agente de seguros y Colonial, como productora de seguros, debieron haberle sugerido que ese tipo de póliza estaba en el mercado, de forma y manera que hubiese podido acogerse a la misma."*

En el apartado vigésimo primero de su reclamación, KM 0.3 designó al codemandado Richard Roe con un nombre ficticio, por desconocer su verdadero nombre, quien resulta ser una persona natural y/o jurídica que responde por los daños económicos que sufrió y reclamó. Por último, en el apartado vigésimo segundo alegó que los demandados le eran solidariamente responsables por los daños que se le causaron. *Certiorari*, Demanda, a las págs. 1-4 del apéndice. Calvo Jiménez, por sí y en representación de la Sociedad de Gananciales compuesta con Wilfredo Aponte, fue emplazada el 30 de septiembre de 1999. *Certiorari*, Emplazamiento, a las págs. 5-6 del apéndice.

Mediante moción fechada 28 de abril de 2000 y presentada el 1ro. de mayo, KM 0.3 solicitó permiso para enmendar su demanda. *Certiorari*, Moción, a las págs. 7-8 del apéndice. Adujo: a) que en su demanda original omitió incluir como codemandada a Jiménez, alegada madre de Calvo Jiménez, con quien hizo gestiones encaminadas a obtener la cubierta de seguros alegada en su reclamación; b) que Weingarten se percató, mientras contestaba un interrogatorio cursado por Colonial el 7 de octubre de 1999, que la persona con quien había conversado en torno a la obtención de la cubierta de seguro (business interuption) era Jiménez; y c) que en virtud de los lazos de solidaridad que unían a Jiménez con los demás demandados, no existía impedimento legal de clase alguno para que se le permitiera enmendar su demanda. Conjuntamente con su solicitud de permiso, presentó su demanda enmendada fechada 29 de febrero de 2000. *Certiorari*, Demanda Enmendada, a las págs. 9-13 del apéndice.

Por su parte, el 8 de mayo de 2000, Colonial replicó a la solicitud de enmienda a la demanda presentada por

KM 0.3. *Certiorari*, Réplica, a las págs. 14-17 del apéndice. Planteó: a) que el fundamento aducido por KM 0.3 carecía de toda validez legal; b) que Weingarten siempre supo de Jiménez, quien hizo la alegada gestión de cubierta de seguro, por lo cual era imposible que no se hubiere percatado de la persona con quien efectivamente dialogó sobre ese asunto, sino hasta la contestación del interrogatorio; c) que lo que en realidad sucedió fue que se percató de no haber incluido a una parte indispensable dentro del término para incoar su acción, el que había expirado; d) que la alegación en cuanto a solidaridad de Jiménez con los otros demandados, era insostenible en derecho; e) que de ser ciertos los hechos alegados en la demanda, cosa que negaba, los mismos constituian una reclamación de daños y perjuicios por responsabilidad civil extracontractual por negligencia basada en el Art. 1802 del Código Civil, la que estaba prescrita; y f) que KM 0.3 estaba impedida de traer a Jiménez luego de haber transcurrido más de un año de ocurrido el daño, so pretexto de que existían lazos de solidaridad. Por otro lado, Calvo Jiménez se opuso a la solicitud de KM 0.3 de enmendar su demanda. Adujo prácticamente las razones expuestas por Colonial para oponerse a la pretensión de KM 0.3 de enmendar su demanda. *Certiorari*, Réplica, a las págs. 18-21 del apéndice.

Así las cosas, el foro recurrido, mediante su orden de 10 de mayo de 2000, permitió a KM 0.3 enmendar su demanda. *Certiorari*, Orden, a la pág. 23 del apéndice. Por otro lado, mediante su Orden de 16 de mayo de 2000, declaró No Ha Lugar la réplica de Colonial. *Certiorari*, Orden, a la pág. 24 del apéndice. Con fecha de 30 de mayo de 2000, Calvo Jiménez presentó Moción Informativa relacionada a su réplica. *Certiorari*, Moción, a las págs. 25-26 del apéndice. Mediante orden de 27 de junio de 2000, el foro recurrido declaró No Ha Lugar la Moción Informativa de Calvo Jiménez y admitió la demanda enmendada. *Certiorari*, Orden, a la pág. 27 del apéndice. Así las cosas, el 23 de mayo de 2000, se expidieron los emplazamientos para Jiménez, siendo diligenciados el 16 de julio de 2000. *Certiorari*, Emplazamientos, a las págs. 29-30 del apéndice.

El 7 de agosto de 2000, Jiménez solicitó la desestimación de la demanda. *Certiorari*, Moción, a las págs. 31-34 del apéndice. Se le concedió a KM 0.3 término para expresarse con relación a la solicitud de desestimación de Jiménez, quien se opuso a la desestimación solicitada mediante escrito al efecto. *Certiorari*, orden, Oposición, a las págs. 35-46 del apéndice. Adujo, en esencia, que procedía la enmienda a la demanda, la que no estaba prescrita, por tratarse de un caso de solidaridad legal. Por lo cual se podía traer a juicio a Jiménez, siempre y cuando la demanda original hubiere sido instada a tiempo, como ocurrió en el caso, y se alegare, como se alegó, que el nuevo demandado, Jiménez, respondía solidariamente por los daños reclamados al demandante original. El 3 de noviembre de 2000, Jiménez presentó una dúplica a la réplica de KM 0.3, reforzando sus planteamientos de prescripción. *Certiorari*, Dúplica, a las págs. 55-57 del apéndice.

Posteriormente, según hemos mencionado, mediante orden de 11 de diciembre de 2000, el foro recurrido declaró No Ha Lugar la moción de desestimación de Jiménez. Inconforme, Jiménez le imputa error al foro recurrido al resolver que la demanda de KM 0.3 no estaba prescrita.

## III

Las disposiciones que permiten entablar una acción contra demandados desconocidos constituyen excepciones a la regla general que requiere que la persona contra quien se dirige una reclamación sea designada en la demanda por su nombre correcto y que se le notifique personalmente. Así se le garantiza el derecho a ser oído que exige el debido proceso de ley. *Núñez González v. Jiménez Miranda*, 122 D.P.R. 134, 139 (1988).

A fin con lo expuesto, la Regla 15.4 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:

*"15.4 Demandado de nombre desconocido*

*Cuando un demandante ignore el verdadero nombre de un demandado, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alegan tener contra dicho demandado. En tal caso, el demandante podrá designar a dicho demandado en cualquier alegación o procedimiento con un nombre ficticio, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o*

*procedimiento."*

Esta regla permite que se pueda demandar a una persona cuyo nombre se desconoce designándolo con un nombre ficticio. Tan pronto se conozca su nombre verdadero, se enmendará la demanda incluyendo a dicho demandado de nombre desconocido con su verdadero nombre. Luego se procederá a su emplazamiento. Las alegaciones con respecto al demandado así incluido, se retrotraerán al momento de la presentación de la demanda original. *Ortiz Díaz v. R.&R. Motor Sales Corp.*, 131 D.P.R. 829, 836 (1992); *Ortiz v. Gobierno de la Capital*, 94 D.P.R. 472, 478 (1967).

Por su parte, la Regla 13.1 de las de Procedimiento Civil, *supra*, dispone que una vez notificada una alegación respondiente, la demanda se podrá enmendar únicamente con permiso del tribunal o mediante consentimiento por escrito de la parte contraria. El tribunal deberá conceder el permiso para enmendarla liberalmente, aun en etapas avanzadas de los procedimientos. *Ortiz Díaz v. R.&R. Motors, Sales Corp., supra; Granados v. Rodríguez Estrada I*, 124 D.P.R 1 (1989); *Pérez Cruz v. Hospital de la Concepción*, 115 D.P.R. 721, 737, esc. 4 (1984). En *Epifanio Vidal, Inc. v. Suro,* 103 D.P.R. 793, 796 (1975), nuestro Tribunal Supremo señaló que esta liberalidad *"está condicionada por un juicioso ejercicio de discreción que ha de ponderar por el momento en que se solicitan, su impacto en la pronta adjudicación de la cuestión litigiosa, la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda, el perjuicio que la misma causaría a la otra parte y hasta la naturaleza y méritos intrínsecos de la [reclamación] que tardíamente se plantea".*

Si con la enmienda se intenta añadir un nuevo demandante o un nuevo demandado, el momento para determinar el término prescriptivo de la acción es la fecha cuando se incluye al nuevo demandante, por primera vez, en la demanda. *Figueroa Díaz v. Escobales*, 101 D.P.R. 173, 175-176 (1973). Esta regla tiene sus excepciones, a saber: a) cuando se trata sobre partes interesadas, Regla 15.1 de las de Procedimiento Civil, *supra*, b) cuando se trata sobre retroactividad de las enmiendas, Regla 13.3, *supra; Bithorn v. Santana*, 68 D.P.R. 300, 304-305 (1948); o c) cuando haya solidaridad entre el demandante o demandado ya incluidos en la demanda y el nuevo, *Arroyo v. Hospital La Concepción*, 130 D.P.R. 596, 607-608 (1992); *García v. Gobierno de la Capital*, 72 D.P.R. 138 (1951).

Apliquemos lo expuesto a los hechos del caso. Veamos.

La demanda en el caso de marras fue presentada el 16 de junio de 1999, es decir dentro del año prescriptivo de un año (1) que dispone el Artículo 1868 del Código Civil, 31 L.P.R.A. § 5298, para exigir la responsabilidad civil por las obligaciones derivadas de culpa o negligencia. En esa reclamación se alegó, en lo pertinente:

*"a) a fines de agosto de 1996, al aproximarse la fecha de renovación de la póliza, Weingarten le indicó a Calvo Jiménez que interesaba que se le extendiera cubierta de interrupción de negocio ("business interruption"), quien le señaló que El Fénix no proveía ese tipo de cubierta, y*

*b) para mediados de octubre de 1997, al aproximarse la fecha de renovación de la póliza, Weingarten le requirió nuevamente a Calvo Jiménez que interesaba adquirir una cubierta de interrupción de negocio, quien le señaló que Triple SSS no ofrecía, ni tenía en el mercado ese tipo de cubierta."*

Esas alegaciones exponen en forma sucinta y sencilla una reclamación que justifica la concesión de un remedio contra todos los demandados. Regla 6 de las de Procedimiento Civil, *supra*. Toda vez que ya se había contestado la demanda, KM 0.3 solicitó del foro recurrido, a tenor con las disposiciones de la Regla 13.1 de las de Procedimiento Civil, *supra*, permiso para enmendar su demanda, a los fines de traer al pleito a Jiménez, una vez se enteró, a través de Weingarten, su gerente general, que fue ésta quien le informó que Triple SSS no tenía disponible la cubierta de *"business interruption"* para su negocio. Eventualmente, dicho foro autorizó la enmienda solicitada, y se presentó la demanda enmendada. La enmienda se retrotrajo a la fecha de radicación original de la demanda.

Por su parte, Jiménez alega que la causa de acción en su contra está prescrita, por razón de que la enmienda a la demanda para traerla al pleito se realizó luego del término prescrito de un año para entablar las acciones por daños y perjuicios. 31 L.P.R.A. § 5298. Para determinar si la causa de acción en contra de Jiménez está o no prescrita, hay que examinar las alegaciones contenidas en la demanda. A esos fines, examinemos el contenido de las alegaciones vigésimo primera (21) y vigésimo segunda (22) de su demanda. En la primera alegación, incluyó como codemandado a Richard Roe, persona natural y/o jurídica, quien le sería responsable por los daños económicos sufridos en su negocio. En la segunda alegación, alegó que todos los demandados le eran solidariamente responsables por los daños causados. Como alega KM 0.3, desde el punto de vista de derecho sustantivo, existe una vinculación de solidaridad entre el patrono y el empleado frente al reclamante perjudicado. *"La obligación solidaria dimanante de la responsabilidad extracontractual de coautores de un mismo hecho dañoso, le es aplicable a todas las consecuencias propias en la dinámica y mecanismos de la responsabilidad solidaria."* La interrupción de la prescripción de acciones en las obligaciones solidarias aprovecha o perjudica por igual a todos los acreedores y deudores. 31 L.P.R.A. § 5304. *Otero v. Casco Sales Co.*, 115 D.P.R. 662, 667 (1984); *García v. Gobierno de la Capital, supra.*

En *Arroyo v. Hospital de la Concepción, supra*, los demandantes solicitaron autorización para enmendar su demanda casi cuatro (4) años más tarde de haber sido presentada, a los fines de traer al pleito como codemandados adicionales a dos (2) médicos y sus compañías aseguradoras. El foro de instancia concedió la enmienda solicitada a los sólos efectos de traer al litigio a la Corporación Insular de Seguros. Posteriormente, reconsideró y permitió las enmiendas. Los demandados solicitaron la desestimación por prescripción. El foro de instancia concluyó que el término prescriptivo en cuanto a los nuevos codemandados había quedado interrumpido con la presentación oportuna de la demanda original. Nuestro Tribunal Supremo confirmó. Resolvió que la doctrina de la solidaridad consagrada en *García v. Gobierno de la Capital, supra*, permite traer a juicio instado a tiempo, a un cocausante solidario que originalmente no fue incluido.

Por ende, con la presentación original de la demanda contra Calvo Jiménez se interrumpió la prescripción en cuanto a Jiménez, por razón de que todos los codemandados son, alegadamente, deudores solidarios (cocausantes del alegado daño). El foro recurrido autorizó a KM 0.3 a enmendar su demanda original a los efectos de traer al pleito a Jiménez (deudora solidaria o cocausante del alegado daño), empleada de Calvo Jiménez. Esta fue la persona, que según Weingarten, le informó sobre la disponibilidad de la cubierta de interrupción de negocio. Tan pronto se supo la identidad de Jiménez se trajo al pleito vía enmienda de la demanda. Por razón de haber solidaridad entre Jiménez, y los codemandados originales, los efectos de la demanda enmendada para incluir a Jiménez, es que se retrotrae a la fecha de la demanda original, por lo que habiéndose ésta radicado en tiempo, no está prescrita la causa de acción contra Jiménez.

En mérito a lo expuesto, denegamos la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la señora Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

Aida Ileana Oquendo Graulau
Secretaria General