# 2003 DTA 138

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN
## PANEL III

LISANDRA ROHENA ALGARIN
Peticionaria

V.

SWIFT INTERNATIONAL PUERTO RICO, INC.; A.B.C. SECURITY, JOHN DOE
Recurridos

Núm. KLCE-2002-00736

San Juan, Puerto Rico, a 26 de agosto de 2003

Panel integrado por su Presidente, Juez Ortiz Carrión
y los Jueces Segarra Olivero y Negroni Cintrón

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Lisandra Rohena Algarín, en adelante la peticionaria, nos solicita la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se declaró sin lugar su solicitud para que se sustituyera y/o se enmendara la demanda para incluir a demandados adicionales.

Por las razones que más adelante exponemos, expedimos el auto solicitado, revocamos la resolución recurrida y devolvemos el caso al Foro de origen para la continuación de los procedimientos de forma compatible con lo aquí expuesto.

### I

El 3 de junio de 1997, la peticionaria fue despedida de su empleo en la compañía Swift International Puerto Rico, Inc. (Swift). El 15 de mayo de 1998, la peticionaria presentó una querella contra Swift en el Departamento del Trabajo por discrimen por impedimento.

El 10 de septiembre de 1999, la peticionaria presentó una demanda al amparo de la Ley Núm. 44 de 2 de julio de 1985, 1 L.P.R.A. secs. 501 *et seq.* (Ley Núm. 44), por alegados actos discriminatorios por razón de impedimento contra Swift, A.B.C. Security y John Doe. ██

Posteriormente, las partes presentaron el Informe de Conferencia con Antelación al Juicio, en el que la peticionaria solicitó que se enmendaran las alegaciones de su demanda para sustituir al demandado desconocido John Doe por la Sra. Carmen Ibarra, que era la supervisora directa de la peticionaria cuando ésta trabajaba en Swift y quien la despidió, su esposo y la sociedad de legal de gananciales compuesta por ambos ██ y para incluir "*al lado del nombre de Swift International Puerto Rico, Inc., el de ConAgra, Inc. por tener control económico sobre Swift International Puerto Rico, Inc.*"

En el mismo Informe, Swift objetó la enmienda a las alegaciones de la demanda y señaló que cualquier reclamación contra la Sra. Carmen Ibarra y ConAgra estaba prescrita, toda vez que desde la fecha del despido de la peticionaria —el 3 de agosto de 1997—, ésta tenía conocimiento del rol que había desempeñado la Sra. Ibarra en su despido y de la relación de ConAgra con Swift.

El Tribunal *a quo* permitió la sustitución solicitada y expidió los emplazamientos correspondientes.

El 11 de junio de 2001, Swift presentó un escrito en el que se opuso a la solicitud de la peticionaria para enmendar la demanda y en la que adujo, esencialmente, que la reclamación contra las partes antes mencionadas estaba prescrita desde el 3 de junio de 1998. El Tribunal *a quo* le ordenó a la peticionaria que se expresara sobre ese planteamiento y dicha parte no lo hizo.

El 15 de agosto de 2001, la Sra. Carmen Ibarra y otros, sin someterse a la jurisdicción del Tribunal, alegaron que no procedía la sustitución solicitada por la peticionaria, ya que no se había complido con los requisitos establecidos en la Regla 15.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 15, y adujeron también que la reclamación en su contra estaba prescrita.

El 21 de diciembre de 2001, la peticionaria presentó una demanda enmendada con el propósito de incluir como partes codemandadas a la Sra. Ibarra y otros y solicitó permiso para emplazarlos por edicto, habida cuenta

que las gestiones para emplazarlos personalmente fueron infructuosas.

El 28 de enero de 2002, Swift presentó un escrito titulado *"Moción Solicitando Desestimación Parcial de la Demanda Enmendada e Imposición de Sanciones Bajo la Regla 9 de las de Procedimiento Civil"*.

El 27 de febrero de 2002 se celebró una vista en la que las partes tuvieron oportunidad de discutir y argumentar, entre otros asuntos, el siguiente: *"si procede la substitución del demandante desconocido John Doe por la Sra. Carmen Ibarra, supervisora directa de la demandante durante su empleo con la codemandada Swift, su esposo Julio Sánchez y la sociedad legal de gananciales compuesta por ambos, y la inclusión de ConAgra, corporación matriz de la demandada, como parte adicional y/o permitir que se enmiende la demanda para incluir partes, y la expedición de emplazamientos en esta etapa de los procedimientos."*

El 30 de mayo de 2002, el Tribunal de Primera Instancia emitió la resolución recurrida mediante la cual declaró sin lugar la solicitud de la peticionaria para enmendar la demanda e incluir a los codemandados en cuestión, pues concluyó que dichas reclamaciones estaban prescritas.

Dictaminó el Tribunal *a quo*, en lo pertinente, que:

*"La señora Rohena presentó una querella contra Swift en la Unidad Antidiscrimen el 15 de mayo de 1998, dentro del término prescriptivo de un año para sus reclamaciones fundamentadas en los hechos que dieron lugar a su despido, y mediante esta acción interrumpió el término en cuanto a Swift. No tomó la misma acción en cuanto a las partes que ahora solicita incluir. Aunque el formulario de la Unidad Antidiscrimen provee para la identificación de otras partes querelladas, la señora Rohena sólo señaló a Swift como parte querellada. No identificó ni a ConAgra, ni a la señora Ibarra como partes adicionales.*

*La señora Rohena solicitó por primera vez incluir a los señores Sánchez e Ibarra y a la corporación ConAgra en el acto de Conferencia con Antelación al Juicio en enero de 2001, en substitución de John Doe. La única alegación contenida en la demanda sobre este demandante desconocido es que "John Doe es un demandado no conocido quien de alguna forma intervino en este tipo de caso". Esta alegación somera incumple con lo dispuesto en la Regla 15.4 de las Reglas de Procedimiento Civil...No hizo constar en la demanda los actos imputables a los demandados desconocidos a base de los cuales reclama daños, ni que desconociera el nombre de la corporación matriz de Swift (ConAgra), ni el de la persona que le ocasionó daños directamente, su supervisora, señora Ibarra, ni de su marido, el señor Julio Sánchez.*

*..........*

*Con relación a ConAgra, el único fundamento aducido por la señora Rohena lo es que interrumpió el término mediante su envío de copia a ConAgra de su carta del 18 de octubre de 1998, notificándole a la demandada Swift de su intención de demandar. La notificación a ConAgra de la reclamación a Swift no es sino eso, una notificación...*

*El expediente contiene admisiones que establecen que la señora Rohena tenía pleno conocimiento de la identidad de todas las partes que pretende incluir en la demanda luego de su presentación del Informe de Conferencia con Antelación al Juicio, ConAgra y los señores Sánchez e Ibarra. Por vía de ejemplo, en la demanda, la señora Rohena atribuye a su supervisora (la señora Ibarra), los hechos materiales en los que la señora Rohena basó su reclamación contra Swift.*

*La prueba presentada requiere concluir que la señora Rohena conscientemente renunció a cualquier reclamación que pudiera tener contra ConAgra al no efectuar reclamación extra-judicial alguna contra ésta, que interrumpiera el término prescriptivo y/o no haber entablado acción judicial dentro del término de un año*

*señalado por nuestro Código Civil y la jurisprudencia.*

*A la luz del derecho aplicable, cualquier reclamación de la señora Rohena [la peticionaria] contra ConAgra, y los señores Ibarra y Sánchez bajo la Ley 44 sobre discrimen por impedimento o bajo el Artículo 1802 del Código civil, quedó extinto por prescripción desde el 3 de junio de 1998. En consecuencia, aun si estos demandados hubiesen sido desconocidos, y su substitución por John Doe conforme a derecho, las reclamaciones de demanda enmendada están prescritas en cuanto a ellos."*

La peticionaria presentó una moción de reconsideración ante el Tribunal *a quo*, la cual no fue acogida ni adjudicada.

Inconforme, la peticionaria comparece ante nos y sostiene que erró el Foro *a quo* al:

*"1. ...concederle legitimación activa para defender derechos procesales de terceros a Swift International Puerto Rico, Inc. a favor de Carmen Ibarra, su esposo Julio Sánchez, la Sociedad legal de Gananciales compuesta entre ellos y a ConAgra, levantando prescripción que es una defensa afirmativa y personal o exclusiva de una parte litigante y/o al concederle a los terceros antes mencionados legitimación activa para levantar la defensa afirmativa de prescripción que sólo corresponde a una parte litigante.*

*2. ...resolver que la acción en contra de Carmen Ibarra, supervisora inmediata, y ConAgra, estaba prescrita. Regla 6.3 de las de Procedimiento Civil.*

*3. ...determinar que se había concluido el descubrimiento de prueba antes de preparar el Informe de Conferencia entre Abogados."* ■

Le concedimos término a la parte recurrida para que expusiera su posición frente al recurso. Dicha parte ha comparecido. Nos encontramos en posición de resolver.

## II

En primer lugar, haremos una breve exposición de la Ley Núm. 44, *supra*, la cual prohíbe, específicamente, que un patrono discrimine contra las personas con impedimentos, de manera que este grupo de personas tenga la oportunidad de participar activa e independientemente en el campo laboral. 1 L.P.R.A. sec. 505. Además, el Art. 13 de Ley Núm. 44, 1 L.P.R.A. sec. 511, expresamente dispone que un empleado que es discriminado por razón de impedimento tiene disponible a su favor los mismos remedios, facultades, autoridad y procedimientos que proveen los Arts. 1, 2, 2-A, 3 y 4 de la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. sec. 146 *et seq.*, mejor conocida como la Ley General contra el Discrimen (en adelante Ley Núm. 100).

Recientemente, el Tribunal Supremo de Puerto Rico aclaró en *Alicea v. ASEM*, 152 D.P.R. ___ (2000), **2000 JTS 169**, que un empleado que es víctima de un discrimen en su empleo tiene una causa de acción, al amparo de, entre otras leyes, la Ley Núm. 100 contra los supervisores de la empresa para la cual trabajaba en su carácter personal, en adición a la causa de acción que existe contra la empresa misma, por los actos discriminatorios en que éstos incurrieron.

Establecido lo anterior, pasemos a considerar si procedía la enmienda a la demanda para incluir como codemandados a la Sra. Carmen Ibarra y a los otros.

La Regla 13.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. IV, R. 13.1, concede el poder a los tribunales para permitir enmiendas a las alegaciones y para otorgar el permiso para enmendarlas liberalmente cuando la justicia así lo requiera. En *Epifanio Vidal, Inc. v. Suro*, 103 D.P.R. 793, 796 (1975), según citado en *Ortiz Díaz v. R & R Motors Sales Corp*, 131 D.P.R. 829 (1992), nuestro Tribunal Supremo señaló que la liberalidad en la

concesión de las enmiendas "*está condicionada por un juicioso ejercicio de discreción que ha de ponderar por el momento en que se solicitan, su impacto en la pronta adjudicación de la cuestión litigiosa, la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda, el perjuicio que la misma causaría a la otra parte y hasta la naturaleza y méritos intrínsecos de la [reclamación] que tardíamente se plantea*".

Por su parte, la Regla 13.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. IV, R. 13.3, establece lo siguiente sobre la retroactividad de las enmiendas:

"*Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, acto, omisión o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original. Una enmienda para sustituir la parte contra la cual se reclama, se retrotraerá a la fecha de la alegación original si, en adición a cumplirse con el requisito anterior, y dentro del término prescriptivo, la parte que se trae mediante enmienda: (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedido de defenderse en los méritos, y (2) de no haber sido por un error en cuanto a la identidad del verdadero responsable, la acción se hubiera instituido originalmente en su contra.*"

En *Ortiz Díaz v. R & R Motors Sales Corp.*, 131 D.P.R. 829, 837-838 (1992), nuestro más Alto Foro resolvió lo siguiente:

"*Cabe señalar, sin embargo, que si con la enmienda se intenta añadir un nuevo demandante o demandado, el momento para determinar el término prescriptivo es cuando se incluye el nuevo demandante o demandado por primera vez en la demanda, con excepción, claro está, de lo dispuesto por la Regla 15.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III: Reglas 13.3 y 15.4 de Procedimiento Civil, supra; Figueroa Díaz v. Escobales, 101 D.P.R. 173 (1973); Bithorn v. Santana, 68 D.P.R. 300 (1948); Ortiz v. Gobierno Municipal de Ponce, 94 D.P.R. 472 (1967); Márquez v. Tribl. Superior, 85 D.P.R. 559 (1962), y de la situación en que haya solidaridad entre el demandante o demandado ya incluidos en la demanda y el nuevo, Arroyo v. Hospital La Concepción, 130 D.P.R. 596 (1992); García v. Gobierno de la Capital, 72 D.P.R. 138 (1951).*" (Enfasis nuestro.)

En otras palabras, se podrá enmendar la demanda para traer a nuevos demandados, aun cuando ya ha transcurrido el término prescriptivo correspondiente, si están presentes alguna de las excepciones dispuestas en el párrafo antes transcrito.

Entendemos —al igual que concluyó el Tribunal *a quo*— que a la situación de autos no le es de aplicación la sustitución de parte establecida en la Regla 15.4 de Procedimiento Civil, *supra*. Dicha Regla lee como sigue:

"*Cuando un demandante ignore el verdadero nombre de un demandado, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alega tener contra dicho demandado. En tal caso, el demandante podrá designar a dicho demandado en cualquier alegación o procedimiento con un nombre ficticio y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.*"

En el caso de autos no podemos concluir que la inclusión de la Sra. Carmen Ibarra y otros en el pleito pueda hacerse mediante el mecanismo provisto en la Regla 15.4, *supra*. La peticionaria no puede alegar —en esta etapa de los procedimientos— que al momento en que radicó la demanda desconocía el nombre de la Sra. Carmen Ibarra y, por ello, lo sustituyó por el de John Doe. Dicha alegación es irrazonable, puesto que la Sra. Carmen Ibarra era la supervisora directa de la peticionaria en Swift, fue quien la despidió y —como cuestión de hecho— señaló en su demanda que fue "*víctima de amenazas, discrimen, hostigamiento y represalias por parte de su supervisora*". La peticionaria no hizo constar en la demanda cuál era la reclamación específica que tenía contra dicha parte. Tenemos, pues, que resolver que no procede traer al pleito a la Sra. Ibarra y otros a través del mecanismo procesal de la sustitución de parte regulada en la Regla 15.4, *supra*.

Es preciso que examinemos si en el caso de autos está presente la situación de solidaridad entre la parte demandada ya incluida en la demanda y los nuevos codemandados. Como ya vimos, nuestro Tribunal Supremo ha permitido que los empleados de una empresa que han sufrido discrimen en su empleo insten acciones contra los gerenciales de la empresa en su carácter personal, en adición a la causa de acción contra el patrono. Véase, *Alicea v. ASEM, supra.*

En *Arroyo v. Hospital La Concepción, supra*, nuestro más Alto Foro elaboró la doctrina relacionada con la solidaridad legal y la prescripción de las acciones instadas contra demandados solidarios co-causantes del daño. Allí, citando con aprobación al distinguido tratadista Herminio Brau Del Toro, dictaminó que:

*"...[a]un cuando el mandato estatutario contenido en el Art. 1802 de nuestro Código Civil...nada dice expresamente que permita establecer directamente la solidaridad de los varios partícipes en una actuación coordinada, o en una en que actuando interdependientemente producen un daño único e indivisible, la doctrina ha interpretado que lo expuesto por dicho precepto para el singular también aplica al plural, de lo que inescapablemente fluye que el ordenamiento implícitamente reconoce que la responsabilidad debe considerarse solidaria cuando sean dos o más los culpables de un daño de la naturaleza indicada. Se trata pues, de un caso de solidaridad legal...".* Id., a la pág. 603. (Citas omitidas.)

En dicho caso, nuestro Tribunal Supremo adoptó la siguiente normativa jurisprudencial:

*"Resolvemos hoy que la doctrina de la solidaridad [consagrada en García v. Gobierno de la Capital, supra] permite traer a juicio instado a tiempo, a un [cocausante] solidario que originalmente no fue incluido en el pleito... a través de la demanda contra tercero por parte del demandado original o por enmienda a la demanda por parte del demandante... [S]ólo se requiere alegar bien y suficientemente en la demanda el hecho de que el nuevo demandado, o tercero demandado, según los casos, responde solidariamente por los daños reclamados con el demandado original, contra quien se radicó demanda dentro del término prescriptivo dispuesto por el ordenamiento."* Id., a las págs. 607 y 608.

La peticionaria solicitó y alegó en la demanda enmendada que el demandado original (Swift) y los nuevos codemandados (la Sra. Carmen Ibarra y otros) le responden solidariamente, ya que son co-causantes de los daños que sufrió. Esta alegación de solidaridad permite que se retrotraiga la enmienda a la demanda a la fecha en la cual se radicó la demanda original. En esas circunstancias, el término prescriptivo en cuanto a los nuevos codemandados quedó interrumpido con la presentación oportuna y en tiempo de la demanda original. Por ello, resulta imperativo concluir —en esta etapa de los procedimientos— que procedía enmendar la demanda para incluir a la Sra. Carmen Ibarra y a los otros como demandados adicionales, ya que la reclamación contra éstos no está prescrita por la solidaridad legal que existe entre los nuevos demandados y el demandado original.

Concluimos, pues, que erró el Tribunal *a quo* al no permitir la enmienda a la demanda para incluir a la Sra. Carmen Ibarra y otros.

### III

Ahora bien, la determinación de si procede incluir a ConAgra en el pleito de autos requiere la consideración de diversos factores, los cuales no fueron considerados por el Tribunal *a quo*.

De la resolución recurrida se desprende que ConAgra es la corporación matriz de Swift y que la peticionaria le envió a ConAgra copia de la carta fechada el 18 de octubre de 1998 en la que le notificaba a Swift su intención de demandar. La peticionaria ha sostenido que lo que interesa es añadir el nombre de ConAgra al lado del de Swift porque lo que realmente ha ocurrido es que Swift ha cambiado su nombre corporativo por el de ConAgra—Swift.

Del expediente ante nuestra consideración no surge con precisión cuál es la relación de negocios que existe

entre Swift y ConAgra. Debemos aclarar que Swift ostenta la misma representación legal que ConAgra y es quien se ha opuesto en todos los escritos a la inclusión de esta última como parte en el pleito. Además, obra en autos una copia de un comprobante de retención de contribución sobre los ingresos de la peticionaria (no se identifica el año) en la que se identifica a su patrono como ConAgra.

No sabemos si ConAgra y Swift son dos compañías diferentes que operan independientemente o si realmente ConAgra es la compañía matriz de Swift y cuál es el grado de control que ejerce sobre la misma. También ignoramos si ambas compañías fueron fusionadas, o si con posterioridad a la radicación del presente pleito, Swift simplemente cambió su nombre por el de ConAgra—Swift. Es necesario que la relación entre estas empresas sea aclarada por el Foro *a quo* para que esté en posición de determinar, correctamente, si puede incluirse a ConAgra como parte adicional en el pleito o si realmente se trata sólo de un cambio en el nombre de la compañía demandada.

Al resolver este aspecto de la controversia, el Foro de Primera Instancia debe tener presente lo establecido en la Regla 13.3 de las de Procedimiento Civil, *supra*, antes transcrita, habida cuenta que dicha regla permite que se enmiende la demanda para sustituir a la parte contra quien se reclama y para que se retrotraiga la misma a la fecha de la presentación de la demanda original cuando se denomina erróneamente a la parte allí demandada. A estos efectos, reviste particular importancia lo resuelto por nuestro Tribunal Supremo en el caso de *Colón Gandía v. Tribunal Superior,* 93 D.P.R. 225 (1966). ██

Procede, pues, que el Tribunal *a quo* aclare las interrogantes antes expuestas de manera que esté en mejor posición para resolver correctamente la cuestión planteada.

## IV

Por los fundamentos antes expuestos, expedimos el auto solicitado, revocamos la resolución recurrida y devolvemos el caso al Foro de origen para la continuación de los procedimientos de forma compatible con lo aquí expuesto.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2003 DTA 138

**1.** La peticionaria señaló en su demanda, en lo pertinente, que:

"....

*A.B.C. Security es un demandado no conocido que asegura a la compañía en este tipo de casos. John Doe es un demandado no conocido quien de alguna forma intervino en este tipo de casos.*

.......

*Que [la peticionaria] fue objeto de una operación de histerectomía radical, lo cual le ocasionó no sólo pérdida de su capacidad reproductiva, sino que ocasionó un trastorno mental agudo que requirió la intervención de profesionales en el campo de la salud mental, condición que requirió medicamentos y la compañía conocía de los mismos y su necesidad de tomárselos.*

*Que acto seguido a que se integrara a trabajar por motivo de esa operación fue víctima de amenazas, discrimen, hostigamiento, represalias por parte de su supervisora."*

**2.** En lo sucesivo, nos referiremos a éstos como la Sra. Carmen Ibarra y otros.

**3.** La adecuada adjudicación de la controversia aquí planteada requiere que examinemos sólo el segundo señalamiento de error.

**4.** En dicho caso, nuestro Tribunal Supremo resolvió que ante un error cometido por inadvertencia en la designación de la empresa demandada, cuando surgía con claridad cuál verdaderamente era ésta, *"[n]o procedía, por tanto, que se incluyera como parte nueva en el caso a una persona a quien realmente se había demandado, aunque lo fuera con un nombre erróneo y a la cual se había citado en la persona de su verdadero agente y representante para recibir emplazamientos o citaciones".*

Más adelante, a la pág. 322, al citar con aprobación al comentarista Moore, en cuanto a las dificultades que puedan surgir en casos que envuelvan señalamientos erróneos del demandado, dispuso que:

*"La norma debe ser si, a base de un criterio objetivo, es razonable concluir que el demandante tenía en mente una persona o entidad en particular, meramente cometió un error en cuanto al nombre, y en realidad emplazó a la persona o entidad deseada; o si el demandante realmente intentó demandar y emplazar una persona diferente. Y este criterio debe tener aplicación, aunque se solicite la enmienda después de transcurrido el término prescriptivo con relación a la persona o entidad inapropiadamente nombrada en el emplazamiento."*