El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
El 31 de marzo de 1999 Eva García Pérez presentó una demanda sobre discrimen por razón de embarazo y discrimen por razón de sexo contra la Corporación de Servicios Especializados para la Mujer y la Familia (Corporación), ante la Sala Superior de San Juan del Tribunal de Primera Instancia. En síntesis, alegó que fue despedida o cesanteada sin justa causa del Proyecto Amanecer de la Corporación, por motivo de su embarazo. Adujo, además, que desde que la presidenta de la Corporación, Dra. Doris González Torres, supo de su estado de embarazo, fue sometida a actos discriminatorios que culminaron con su despido.
Dicha demanda fue presentada al amparo de las disposiciones de la Ley para la Protección de Madres Obreras, Ley Núm. 3 de 13 de marzo de 1942 (29 L.P.R.A. see. 467 et seq.); de la Ley contra el Discrimen en el Empleo por Razón de Sexo, Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. see. 1321 et seq.); de la Ley contra el Discrimen en el Empleo, Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. see. 146 et seq.), y de la Ley de Indemnización por Despido sin Justa Causa, Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185a et seq.).([1]) La Corporación formuló una alegación responsiva negando, en esencia, las alegaciones fundamentales de la demanda presentada en su contra.
El 1 de abril de 2002 García Pérez solicitó enmendar la demanda para incluir como codemandados a la doctora González Torres, en su carácter personal, y al Estado Libre Asociado de Puerto Rico. Sostuvo que éstos respondían solidariamente con la Corporación por todos los daños ocasio *143 nados como consecuencia del alegado despido injustificado y discriminatorio. Alegó, además, que la Corporación era un álter ego de González Torres, por lo cual, procedía descorrer el velo corporativo e imponerle responsabilidad a ésta en su carácter personal.
La Corporación se opuso a las enmiendas solicitadas bajo el fundamento de que la acción incoada contra el Estado Libre Asociado (E.L.A.) y González Torres estaba prescrita. Sobre el particular, señaló que no existía solidaridad entre la Corporación y el E.L.A., ya que la Corporación fungió como contratista independiente para prestar unos servicios particulares y que en el contrato suscrito entre las partes la Corporación, de hecho, había relevado al Departamento de la Familia —y en consecuencia al E.L.A.— de cualquier obligación o responsabilidad relativa a daños y perjuicios ocasionados en el desempeño de sus funciones. Señaló, además, que no cabía hablar de responsabilidad vicaria del E.L.A., al amparo del Art. 1803 del Código Civil, 31 L.P.R.A. see. 5142, porque las partes especificaron en su contratación que entre ellos no existía una relación obrero-patronal. Por último, argumentó que tampoco existió una relación obrero-patronal entre la Corporación y la demandante García Pérez, ya que ésta fue contratada para rendir servicios profesionales en los proyectos de la Corporación; razón por la cual, a su juicio, no cabía hablar de solidaridad entre la Corporación, el E.L.A. y González Torres; consecuentemente, las acciones contra estos últimos estaban prescritas. El tribunal de instancia permitió las enmiendas a la demanda, según solicitadas por García Pérez.
La codemandada, doctora González Torres, solicitó la desestimación de la demanda enmendada, básicamente por los mismos fundamentos expuestos por la Corporación, al aducir que no existía solidaridad entre su persona y demás codemandados y que, por lo tanto, la reclamación en su contra estaba prescrita. El tribunal de instancia denegó, *144 igualmente, dicha solicitud. González Torres recurrió al Tribunal de Apelaciones mediante un certiorari, pero dicho foro denegó la expedición del auto.
Habiendo resultado igualmente infructuosos los esfuerzos del E.L.A. de lograr la desestimación de la demanda por prescripción, el E.L.A. y González Torres presentaron sus alegaciones responsivas, negando toda responsabilidad y planteando, nuevamente, que las reclamaciones en su contra estaban prescritas. Así las cosas, las partes iniciaron el descubrimiento de prueba.
El 22 de abril de 2005 la doctora González Torres presentó, nuevamente, una Solicitud de Desestimación por Ausencia de Jurisdicción sobre la Persona. Allí solicitó que se dictase una sentencia parcial para desestimar la reclamación en su contra. Expuso, en síntesis, los mismos argumentos que formuló en su solicitud de desestimación previa. Además, añadió que a la fecha de la presentación de la demanda, García Pérez obviamente conocía la identidad de González Torres y los actos discriminatorios que ésta alegadamente había cometido, y arm así no la incluyó como parte demandada. Sostuvo que ello demostraba la dejadez de García Pérez en el reclamo de sus derechos, lo cual constituía un impedimento para las enmiendas a la demanda. De otra parte, alegó que los planteamientos formulados por García Pérez en tomo a que la Corporación era un álter ego de González Torres carecían de validez y se trataba de meras alegaciones sobre las cuales no se había alegado prueba alguna. El E.L.A. solicitó, nuevamente, la desestimación de la reclamación en su contra, al esbozar los mismos argumentos de su solicitud de desestimación previa.
García Pérez presentó su oposición a tales solicitudes, reiterando que González Torres era cocausante de sus daños a raíz de los actos discriminatorios que llevó a cabo en su contra mientras fungía como su supervisora y que, además, era un álter ego de la Corporación. Por otro lado, sostuvo que el E.L.A. era cocausante solidario porque delegó sus deberes, obligaciones y facultades a la Corporación, convir *145 tiendo a ésta en una entidad cuasi pública adscrita al Departamento de la Familia. El foro de instancia se reservó los fallos en torno a las solicitudes de desestimación hasta la celebración de la vista en su fondo.
Luego de iniciado el juicio en su fondo y tras haberse presentado la evidencia prima facie de un caso de discrimen por embarazo conforme la jurisprudencia aplicable, y activada la correspondiente presunción de despido discriminatorio, se procedió a recibir la prueba del patrono. Antes de finalizar el juicio, sin todavía haber terminado el desfile de la prueba de justa causa del patrono Corporación y previo a iniciarse la prueba del E.L.A., así como la prueba de la demandante en su turno de refutación de la prueba del patrono, el Tribunal de Primera Instancia (TPI) procedió a desestimar la demanda contra la Dra. Doris González Torres y contra el E.L.A. por prescripción de las causas de acción.([2])
Concluyó el tribunal de instancia que las reclamaciones contra el E.L.A. y González Torres, en su carácter personal, estaban prescritas porque no eran cocausantes solidarios de los daños. En apoyo a su conclusión, indicó que por no existir una relación obrero-patronal entre el E.L.A. y García Pérez, ni vínculo alguno entre éstos, el E.L.A. no tenía responsabilidad alguna ante García Pérez, por lo cual la demanda inicial no interrumpió el término prescriptivo para entablar una reclamación contra el E.L.A.
De otra parte, el foro de instancia señaló que aun si hubiese resuelto que el E.L.A. y González Torres eran cocausantes solidarios de los daños, la presentación de la demanda original no interrumpió el término prescriptivo porque no se incluyó una alegación de solidaridad en la demanda original ni se les identificó como demandados de nombre desconocido. Sostuvo, además, que tampoco se hizo alegación alguna en la demanda inicial, en la que se impu *146 tara responsabilidad a González Torres en su carácter personal.
A su juicio, el hecho de que García Pérez, a la fecha de la presentación de la demanda inicial, conocía la relación existente entre la Corporación y el E.L.A., así como la identidad de González Torres y su rol de supervisora y Presidente de la Corporación, impedía que ésta los incluyera en el pleito transcurridos tres años desde la fecha del alegado despido. Esto es así según lo resuelto en Martínez Díaz v. E.L.A., 132 D.P.R. 200 (1992), en cuanto a que el punto de partida para el cómputo del término prescriptivo es el momento cuando la parte afectada conoce el daño y la identidad de su causante.
Por último, el tribunal de instancia indicó que la Ley Núm. 80 y la Ley Núm. 3, ante, no eran oponibles contra González Torres en su carácter personal ni como supervisora, ya que éstas sólo imponen responsabilidad al patrono real, es decir, a la Corporación. De igual forma, destacó que las reclamaciones laborales al amparo de las referidas Leyes Núm. 100, Núm. 80 y Núm. 69 no son oponibles al E.L.A. ni a sus agencias y dependencias.
Inconforme con tal determinación, García Pérez recurrió al Tribunal de Apelaciones, el cual confirmó la sentencia desestimatoria parcial tras resolver que las reclamaciones entabladas contra González Torres y el E.L.A. estaban prescritas. Adujo que en la demanda inicial nunca se efectuó urna alegación sobre la solidaridad entre posibles cocausantes del daño ni se incluyó alegación alguna sobre la posible responsabilidad solidaria de dichas partes; ello aun cuando la demandante conocía la identidad de González Torres y que la Corporación llevaba a cabo labores para el Departamento de la Familia. Por otra parte, destacó que, aun si hubiese existido una relación obrero-patronal entre García Pérez y el E.L.A. —la cual, señaló, nunca existió— las leyes laborales antidiscrimen no aplican a los departamentos ejecutivos ni a las agencias del E.L.A.
*147 Insatisfecha aún, García Pérez recurrió ante este Tribunal —vía recurso de apelación— para plantear que incidió el foro de instancia al desestimar las causas de acción contra González Torres y el E.L.A. por el fundamento de prescripción, sin atender los señalamientos relativos a la alegación de que la Corporación era un álter ego de González Torres y que por ello procedía descorrer el velo corporativo. Sostiene que González Torres y el E.L.A. son cocausantes solidarios de los daños y la presentación de la demanda inicial interrumpió el término prescriptivo de las causas de acción contra éstos.
Acogido el recurso como certiorari, el 30 de noviembre de 2007 le concedimos un término a la recurrida Dra. Doris González Torres para que mostrara causa por la cual no debíamos expedir el auto y dictar sentencia parcial, revocatoria de la emitida en el caso por el Tribunal de Apelaciones. Dicha parte ha comparecido; resolvemos.
I
En nuestra jurisdicción, la prescripción de las acciones es materia sustantiva, no procesal, regida por los Arts. 1840 al 1874 del Código Civil, 31 L.P.R.A. sees. 5261-5304. Véase Sánchez v. Aut. de los Puertos, 153 D.P.R. 559 (2001). En ocasiones reiteradas hemos señalado que el propósito de dicha figura es “evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos, ya que el transcurso del período de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono”. González v. Wal-Mart, Inc., 147 D.P.R. 215, 216 (1998). Véase, además, Galib Frangle v. El Vocero de P.R., 138 D.P.R. 560 (1995).
El Art. 1861 del Código Civil, 31 L.P.R.A. see. 5291, establece que “[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley”. El tiempo se contará *148 desde el día en que pudo ejercitarse la acción, salvo disposición especial en contrario. Art. 1869 del Código Civil, 31 L.P.R.A. see. 5299.
El Art. 12 de la Ley Núm. 80 (29 L.P.R.A. see. 185a) establece un término prescriptivo de tres años comenzando desde la fecha del despido para entablar una reclamación oportunamente. En vista de que en los textos de la Ley Núm. 100, la Ley Núm. 3 y la Ley Núm. 69, ante, no se dispone un término prescriptivo para solicitar los remedios allí concedidos, por tratarse de leyes laborales de carácter indemnizatorio —análogas al Art. 1802 del Código Civil, 31 L.P.R.A. see. 5141— hemos resuelto que les aplica el plazo de un año, a contarse desde la fecha del despido. Véanse: Maldonado v. Russe, 153 D.P.R. 342 (2001); Olmo v. Young Rubicam of P.R., Inc., 110 D.P.R. 74 (1981).
Al amparo de la teoría cognoscitiva del daño, dicho plazo de un año comienza a transcurrir desde que la parte perjudicada conoce que ha sufrido el daño y quién es el responsable de éste. Art. 1868 del Código Civil, ante. Véanse, además: Vera v. Dr. Bravo, 161 D.P.R. 308 (2004); De León v. Caparra Center, 147 D.P.R. 797 (1999); Ojeda v. El Vocero de P.R., 137 D.P.R. 315 (1994).
Por otro lado, el Art. 1873 del Código Civil, 31 L.P.R.A. see. 5303, dispone que “[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor”. Hemos indicado que los actos interruptivos representan la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. Sánchez v. Aut. de los Puertos, ante.
Nuestro Código Civil establece que, cuando se trata de una obligación solidaria, la interrupción del término prescriptivo beneficia o peijudica por igual a todos los acreedores o deudores. Art. 1874 del Código Civil, 31 *149 L.P.R.A. see. 5304. Ahora bien, el Código Civil impone la mancomunidad como regla general, y la solidaridad opera a modo de excepción. A tales efectos, el Art. 1090 (31 L.P.R.A. sec. 3101) establece que “[l]a concurrencia de dos o más acreedores o de dos o más deudores en una sola obligación ni implica que cada uno de aquéllos tenga derecho a pedir ni [que] cada uno de éstos deba prestar íntegramente las cosas objeto de la misma. Sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria”. De modo que una obligación es solidaria cuando así se haga constar expresamente.
En el ámbito de los daños y perjuicios se presenta una situación inherentemente distinta a la relación contractual, ya que se persigue el resarcimiento del daño causado por una persona a otra a raíz de un acto ilícito civil. Según señala Brau del Toro, “[p]or la naturaleza de las circunstancias en que se producen daños como consecuencia de acto ilícito civil, es imposible que la víctima y los coautores pacten la responsabilidad solidaria de éstas ...”. H.M. Brau del Toro, El término prescriptivo y su interrupción en acciones en daños por responsabilidad extracontractual solidaria en el derecho puertorriqueño, 44 (Núm. 2) Rev. C. Abo. P.R. 203, 208 (1983).
Tanto la jurisprudencia como los tratadistas se inclinan a favorecer la solidaridad cuando se trata de los cocausantes de un daño o de imponerle responsabilidad a una persona por los actos de otra. C.J. Irizarry Yunqué, Responsabilidad Civil Extracontractual, 6ta ed., [sin. 1.], ed. del autor, 2007, pág. 343; J. Santos Briz, Derecho Civil: Teoría y Práctica, Madrid, Ed. Rev. Der. Privado, 1973, T. III, págs. 141 — 142.
Sobre ello, Brau del Toro expresa que “[d]e acuerdo a la doctrina tradicional, los causantes del daño son responsables solidaria y mancomunadamente, pudiendo demandarse a uno o a varios, o a todos, por la totalidad de los *150 daños”. H.M. Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, San Juan, Pubs. JTS, 1986, Vol. II, pág. 518. En su opinión, tal supuesto se trata de una solidaridad legal, en tanto dimana de un mandato de ley. íd., pág. 603. José Puig Brutau también denomina la responsabilidad de los cocausantes de un daño como una de carácter solidario, derivada de la. ley. J. Puig Brutau, Fundamentos de Derecho Civil, 4ta ed., Barcelona, Ed. Bosch, 1988, T. I, Vol. II, pág. 159. Ajuicio de Diez-Picazo, ello surge del Art. 1974 del Código Civil español, de similar estirpe al Art. 1874 de nuestro Código Civil, ante. L. Diez-Picazo, La prescripción en el Código Civil, Barcelona, Ed. Bosch, 1984, pág. 144. Por su parte, Irizarry Yunqué destaca que la responsabilidad solidaria de los cocausantes del daño no surge expresamente de la ley, sino de una interpretación judicial de las disposiciones de nuestro Código Civil. Irizarry Yunqué, op. cit., pág. 343.
Independientemente de su origen y de lo anteriormente expresado, no cabe duda que según señala Brau del Toro, “la radicación a tiempo de una demanda por parte del peijudicado contra un coautor solidario interrumpe el término prescriptivo en peijuicio de todos los demás coautores solidarios y en beneficio de otros perjudicados que tuviesen, de acuerdo con las circunstancias del caso, una causa de acción solidaria con la del demandante que interpuso su acción a tiempo”. Brau del Toro, Los daños y perjuicios ex-tracontractuales en Puerto Rico, op. cit., pág. 518. Véase, además, Arroyo v. Hospital La Concepción, 130 D.P.R. 596 (1992).
La consecuencia principal de la solidaridad entre los cocausantes de un daño es que todos tienen la obligación de reparar el daño íntegramente. Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, op. cit., pág. 625. Ahora bien, como señala Brau del Toro, entre los efectos secundarios de la solidaridad entre los cocausantes de un daño, se encuentra la interrupción del tér *151 mino prescriptivo en peijuicio de los demás cocausantes. Ello le ofrece mayor protección a la parte peijudicada, ya que cualquier gestión realizada contra un cocausante solidario se considera realizada contra todos por igual. Id., págs. 613-614 y 625-626. Sobre tal punto, Diez-Picazo también señala que la reclamación judicial o extrajudicial del acreedor interrumpe la prescripción, aunque sea dirigido a uno solo de los deudores solidarios. Diez-Picazo, op. cit., pág. 144.
Ciertamente, este Tribunal ha tenido la oportunidad de discutir en reiteradas ocasiones el tema de la solidaridad en el contexto de la responsabilidad extracontractual. Nuestras expresiones se remontan a García v. Gobierno de la Capital, 70 D.P.R. 333 (1949), ocasión en la que establecimos que las personas que ocasionan un daño son responsables solidariamente ante la persona afectada y ésta puede entablar una acción contra uno o contra todos los responsables. Véanse, además: Ramos v. Caparra Dairy, Inc., 116 D.P.R. 60 (1985); Rivera v. Great Am. Indemnity Co., 70 D.P.R. 825 (1950).
En García v. Gobierno de la Capital [II], 72 D.P.R. 138 (1951), atendimos por segunda ocasión el mismo caso, donde reafirmamos lo expresado en 1949. Además, resolvimos que en vista de lo expuesto en los Arts. 1090 y 1874 del Código Civil, ante, “[hjabiéndose interpuesto la demanda original contra los terceros demandantes dentro del año, ... la prescripción contra los terceros demandados había sido interrumpida y la demanda de tercero resultaba, por ende, radicada en tiempo”. Id., pág. 149. Dicho de otra manera, la presentación de la demanda contra uno de los coautores del daño interrumpió el término prescriptivo para efectos de los demás coautores. Véase Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, op. cit, pág. 572.
En el caso normativo Arroyo v. Hospital La Concepción, ante, discutimos detenidamente la doctrina de la soli *152 claridad y reconocimos que en el ámbito de la responsabilidad extracontractual estamos ante el supuesto de la solidaridad legal. Posiblemente, la contribución más importante de Arroyo v. Hospital La Concepción, ante, descansa en el reconocimiento de los efectos secundarios de la solidaridad en casos de responsabilidad extracontractual y, en particular, las reglas de juego relativas a la interrupción del término prescriptivo para entablar una reclamación contra un coautor que no fue incluido en la demanda original. A tales efectos, en dicho caso comenzamos por reiterar que, con el propósito de salvaguardar los derechos de la parte perjudicada, la presentación de una reclamación judicial o extrajudicial contra un cocausante de un daño interrumpe el término prescriptivo en cuanto a los demás cocausantes solidarios del daño. Resolvimos que los cocausantes solidarios que no fueron incluidos en la demanda original podrán ser incluidos en el pleito mediante enmiendas a la demanda o mediante una demanda contra tercero. Para ello, citando a Brau del Toro, expresamos que “sólo se requiere alegar bien y suficientemente en la demanda el hecho de que el nuevo demandado, o tercero demandado, según los casos, responde solidariamente por los daños reclamados con el demandado original, contra quien se radicó demanda dentro del término prescriptivo dispuesto por el ordenamiento”. Arroyo v. Hospital La Concepción, ante, pág. 608. Véase Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, op. cit., pág. 630.
En resumidas cuentas, resulta evidente que en materia de daños y perjuicios, cuando son varios los que con sus actos u omisiones culpables o negligentes causan un daño, todos están obligados solidariamente a repararlo. Cada uno “queda obligado personalmente por razón de su propia culpa”. Torres Ortiz v. E.L.A., 136 D.P.R. 556, 564 (1994). Véase, además, J.R. Vélez Torres, Derecho de obligaciones: curso de derecho civil, 2da ed., San Juan, Programa de Educación Jurídica Continua Facultad de Dere *153 cho UIPR, 1997, pág. 95. Así, se le brinda mayor protección a la persona perjudicada, quien puede reclamarle a cualquiera de los cocausantes la reparación íntegra del daño. Irizarry Yunqué, op. cit., pág. 343; Vélez Torres, op. cit., pág. 95; Puig Brutau, op. cit., pág. 167; J. Castán Tobeñas, Derecho civil español, común y foral, 14ta ed., Madrid, Ed. Reus, 1988, T. III, pág. 150; Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, op. cit., pág. 518. En fin, la reclamación judicial o extrajudicial presentada contra uno de los cocausantes solidarios del daño interrumpe el término prescriptivo en perjuicio de los demás cocausantes solidarios. Véanse: Sánchez v. American Airlines, 153 D.P.R. 559 (2001); Arroyo v. Hosp. de la Concepción, ante.
II
Mediante el primer señalamiento de error esbozado, García Pérez plantea, en síntesis, que erraron los foros recurridos al desestimar la reclamación contra González Torres por el fundamento de prescripción, ya que ésta, como oficial de la Corporación, y alegada autora de los actos discriminatorios, es responsable solidariamente con la Corporación de los daños ocasionados.
En su segundo planteamiento de error, García Pérez alega que, tanto el foro de instancia como el apelativo, incidieron al no atender sus señalamientos en torno a que la Corporación era un álter ego de González Torres y que, por dicha razón, procedía descorrer el velo corporativo e imponerle responsabilidad a González Torres en su carácter personal. Sostiene que del testimonio de González Torres surge que la Corporación estuvo bajo el control absoluto de ésta, no había otros accionistas, no había una Junta de Directores, no existían minutas de reuniones ni resoluciones corporativas, operaba exclusivamente con fondos públicos, su único cliente fue el Departamento de la Familia y *154 González Torres pagó deudas de la corporación con sus bienes personales. A su juicio, tales actuaciones ameritan la imposición de responsabilidad personal a González Torres, en aras de evitar un fraude, propósito ilegal o inequidad. Aduce que a causa de lo anterior, e independientemente de cualquier determinación en torno a si González Torres es una cocausante solidaria del daño, la acción contra González Torres no está prescrita.
De entrada, es preciso aclarar que contrario a lo señalado por los foros recurridos, en el caso de marras, era a todas luces improcedente utilizar el mecanismo de demandados de nombre desconocido, ya que García Pérez conocía claramente el nombre de quien fungió como presidenta de la Corporación, o sea, de González Torres. Además, ella sabía que la Corporación fue contratada por el Departamento de la Familia, agencia del E.L.A., con el propósito de proveer servicios a menores víctimas de abuso sexual. No existe controversia alguna sobre ello.
Por otra parte, la conclusión del foro primario, y la confirmación posterior del tribunal apelativo, en torno a la ausencia de solidaridad entre la Corporación y González Torres, se basa en una interpretación errada de lo resuelto en Arroyo v. Hospital La Concepción, ante, y en otros casos posteriores.
Según indicamos anteriormente, en Arroyo v. Hospital La Concepción, ante, resolvimos que, de entrada, sólo es necesario alegar bien y suficientemente en la demanda el hecho de que el nuevo demandado o tercero demandado responde solidariamente por los daños reclamados en la demanda original que fue presentada oportunamente. Id.
Brau del Toro destaca que previo a Arroyo v. Hospital La Concepción, ante, existía incertidumbre en torno a la vigencia de la doctrina de la solidaridad y su efecto sobre el término prescriptivo para presentar acciones contra otros cocausantes que no fueron incluidos en el pleito inicial. Ex-presa que se desconocía el curso por seguir en este tipo de *155 caso. Señala que ello se debía al uso de otros fundamentos legales para la adjudicación de controversias que podían haberse resuelto conforme la norma establecida en García v. Gobierno de la Capital, ante.([3]) Como consecuencia, curiosamente se llegaba al mismo resultado, es decir, se determinaba que la reclamación contra el nuevo demandado no estaba prescrita, sin atenderse las idiosincrasias y los efectos de la figura de la solidaridad en materia de daños y perjuicios. Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, op. cit., págs. 628-629.
Sin embargo, tales deficiencias fueron eliminadas con nuestros pronunciamientos en Arroyo v. Hosp. de la Concepción, ante. Las exigencias que impusimos allí para que se entienda interrumpido el término prescriptivo no requiere, como única alternativa, que se alegue en la demanda original la solidaridad de los cocausantes en la demanda inicial, sino que dicho planteamiento puede hacerse en la solicitud de enmienda a la demanda o demanda contra tercero, mediante la cual se pretende incluir al cocausante solidario al pleito.
Dicho de otra manera, la reclamación contra dicho coautor prospera cuando se alega bien y suficientemente en la demanda original o cuando se trae al pleito el nuevo demandado, incluyéndolo mediante enmienda, o cuando el tercero demandado responde solidariamente con el demandado original contra quien se presentó una demanda oportunamente. Brau del Toro, Los daños y perjuicios ex-tracontractuales en Puerto Rico, op. cit., pág. 630; Brau del Toro, El término prescriptivo, supra, pág. 243.
Debe quedar claro, sin embargo, que aun cuando el tribunal determine, para efectos de la prescripción, que el nuevo demandado puede serle solidariamente responsa *156 ble al demandante, ello sólo es para efectos de que se le incluya en el pleito como demandado. Es decir, no prejuzga la determinación de responsabilidad por los daños alegados. Incluso, el nuevo demandado tiene la oportunidad de demostrar que no es responsable de los daños alegados y que, de así hacerlo, se le eximirá de toda responsabilidad. Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, op. cit, pág. 635.
González Torres arguye que en Martínez Díaz v. E.L.A., ante, caso posterior a Arroyo v. Hospital La Concepción, ante, modificamos lo allí establecido. Argumenta que en Martínez Díaz v. E.L.A., ante, se expresó que aun habiéndose levantado la figura de la solidaridad, conforme a García v. Gobierno de la Capital, ante, la demanda contra el alegado cocausante estaba prescrita si conocía de antemano la verdadera identidad y no lo había traído originalmente al pleito. Véase Alegato de la Dra. Doris González, Apéndice, 2da pieza, pág. 471. No tiene razón.
En primer término, cabe destacar que la anterior conclusión se deriva de una sentencia, la cual no constituye precedente. Por otra parte, los hechos procesales de Martínez Díaz v. E.L.A., ante, se diferencian totalmente a los del caso de autos. Allí, el demandante Martínez Díaz presentó una demanda contra la Panadería Valoi, John Doe Empleado y las compañías aseguradoras cuyo nombre desconocía, por los daños que sufrió a causa del disparo propinado por el alegado “guardia de seguridad que trabajaba para la panadería”. Posteriormente, solicitó enmendar la demanda para incluir como demandados a José De Jesús Muriel y al E.L.A., imputándole al primero haberle disparado mientras actuaba en funciones de su empleo con la “Policía de Puerto Rico y/o la Panadería Valoi”, alegando que la demanda originalmente presentada había interrumpido el término prescriptivo tanto en relación con De Jesús Muriel como con el E.L.A.
Un examen detenido de los hechos de ese caso demuestra la existencia de una diferencia patente respecto a la controversia que ahora atendemos. Distinto al caso de ma *157 rras, en Martínez Díaz v. E.L.A., ante, De Jesús nunca fue un empleado de la Panadería Valoi. Por lo cual, no existía una relación entre éste y la Panadería Valoi ni, mucho me-nos, entre La Panadería Valoi y el E.L.A. En vista de lo anterior, tampoco hubo una relación solidaria entre la Panadería Valoi, De Jesús y el E.L.A. Como consecuencia, la presentación de la demanda original contra la Panadería Valoi no interrumpió el término prescriptivo en perjuicio de De Jesús y el E.L.A.
Por otro lado, es preciso resaltar que en Martínez Díaz v. E.L.A., ante, la verdadera controversia giraba en torno al uso del mecanismo de demandado desconocido habilitado por la Regla 15.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Aun cuando el demandante Martínez Díaz conocía la identidad y el nombre del causante de sus daños, o sea, De Jesús, no lo incluyó en la demanda. Por lo tanto, cuando finalmente lo incluyó como demandado, la acción en su contra estaba prescrita. Sobre el particular, señalamos que la demanda estaba prescrita porque “si conociendo, o debiendo conocer, el nombre del demandado, el demandante opta por no demandarlo e incluye en su demanda un demandado de nombre ficticio, no podrá ampararse en la Regla 15.4 de Procedimiento Civil ... para sustituir a este último por aquel cuya identidad y cuyo nombre conocía desde la interposición original de la demanda”. (Enfasis suplido.) Martínez Díaz v. E.L.A., ante, pág. 211. De la prueba surgía que desde el día de los hechos, Martínez Díaz sabía la identidad de De Jesús y de que éste no era un empleado de la Panadería Valoi, sino un policía que estando fuera de servicio, vestido de civil, de casualidad se encontraba en la panadería.
González Torres, aludiendo a Martínez Díaz v. E.L.A., ante, señala que, en vista de que García Pérez conocía su identidad a la fecha de la presentación de la demanda inicial y aun así no la incluyó como demandada, la reclamación en su contra está prescrita. Es errado su razonamiento. *158 Adviértase que, según destacamos anteriormente, en Martínez Díaz v. E.L.A., ante, no había solidaridad alguna entre De Jesús, el E.L.A. y los demandados originales porque De Jesús nunca fue empleado de la Panadería Valoi, la parte originalmente demandada. Nuestras expresiones en dicho caso en torno a que el conocimiento de la identidad de De Jesús impidió la retroactividad de las enmiendas a la demanda se debió exclusivamente a que el demandante intentó utilizar el mecanismo de demandado desconocido cuando en realidad conocía la identidad del que le disparó desde que presentó la demanda inicial.
Distinto a dicho caso, en el caso de autos, como Presidenta de la Corporación, supervisora de García Pérez y la alegada causante de los actos discriminatorios, existía una relación entre González Torres y la Corporación que, prima facie, la hace responsable solidariamente por los daños alegados por García Pérez desde la demanda inicial.
La decisión emitida en Arroyo v. Hospital La Concepción, ante, ha sido reiterada por este Tribunal, una y otra vez, respecto a la adjudicación de controversias relativas a la solidaridad de los cocausantes de un daño. Véanse: Ortiz v. R & R Motor Sales, 131 D.P.R. 829 (1992); Torres Ortiz v. E.L.A., ante, pág. 564; P.R. Fuels, Inc. v. Empire Gas Co., Inc., 149 D.P.R. 691 (1999); Sánchez v. Aut. de los Puertos, 153 D.P.R. 559 (2001); Blás v. Hospital Guadalupe, 167 D.P.R. 439 (2006); Rivera Hernández v. Comtec Comm., 171 D.P.R. 695 (2007).
En el caso de autos, García Pérez alegó, de forma ex-presa, en la demanda inicial que los actos discriminatorios que culminaron en su despido comenzaron cuando González Torres supo de su estado de embarazo. García Pérez identificó a González Torres como la principal partícipe en los actos discriminatorios llevados a cabo en su contra. De modo que erró el foro apelativo al resolver que en la demanda inicial no se hizo alegación alguna contra González Torres más allá de aquellas relativas a su rol como Presidenta de la Corporación.
*159 Posteriormente, en la demanda enmendada, García Pérez planteó explícitamente que González Torres, la Corporación y el E.L.A. le eran responsables solidariamente. Por lo tanto, contrario a lo planteado por González Torres, para derrotar la defensa de prescripción, García Pérez no sólo alegó que González Torres era un álter ego de la Corporación, sino que expuso palmariamente en la demanda enmendada que “la parte querellada (entre las cuales está incluida González Torres) responde solidariamente por to-dos los daños causados” a García Pérez. Asimismo, expuso que González Torres fue su supervisora inmediata y la responsable de su despido.
En esta etapa, no nos corresponde resolver, en forma definitiva, los méritos de la reclamación de García Pérez contra la Corporación ni contra González Torres, sino únicamente resolver, de forma preliminar, la controversia relativa a la responsabilidad solidaria y la prescripción de las acciones contra González Torres y el E.L.A. Le atañe al tribunal a quo —en su día, y luego de finalizado el desfile de toda la prueba que tengan a bien presentar las partes— determinar la procedencia jurídica de las reclamaciones contra la Corporación y González Torres a la luz de cada una de las leyes laborales aludidas en la demanda y de los Arts. 1802 y 1803 del Código Civil, ante.
Dicho de otro modo, la determinación que hoy emitimos en torno a la existencia de solidaridad entre González Torres y la Corporación descansa en el cumplimiento de los criterios requeridos por nuestra jurisprudencia respecto a la interrupción del término prescriptivo para presentar una reclamación contra el coautor de los daños que no fue incluido inicialmente en la demanda. Nuestra decisión no pretende adjudicar el caso en sus méritos, a saber, si González Torres y la Corporación en efecto le ocasionaron a la demandante los daños alegados en la demanda. A García Pérez le *160 corresponde presentar prueba a tales efectos en el juicio plenario.([4])
III
En mérito de lo antes expuesto, procede expedir el auto de “certiorari” y confirmar la parte de la sentencia recurrida en la cual se desestimó la causa de acción contra el E.L.A. bajo el fundamento de prescripción. Revocamos, por otro lado, la porción del dictamen recurrido que desestimó la reclamación contra González Torres por entender que ésta puede ser responsable solidariamente con la Corporación por los alegados daños ocasionados a García Pérez.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton y la Juez Asociada Rodríguez Rodríguez emitieron sendas opiniones disidentes.

(1) García Pérez solicitó $4,230.77 por concepto de mesada, $11,500 de salarios adeudados y la restitución en su empleo en el Proyecto Amanecer, con los salarios y beneficios marginales dejados de percibir desde su despido o cesantía. Además, pidió una indemnización de $100,000 en concepto de daños y perjuicios, y una suma similar como penalidad.

(2) La continuación y finalización del juicio en su fondo fue suspendida y paralizada a petición de las partes hasta la resolución final del trámite apelativo.

(3) Entre ellos, señaló el uso de la Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, relativa a la retroactividad de las enmiendas y las disposiciones relativas a las demandas contra terceros, las cuales también aplican a casos que no tratan sobre la responsabilidad solidaria en materia extracontractual.

(4) En vista de lo antes expuesto, en esta etapa resulta innecesario expresarnos respecto al señalamiento de la demandante de que la Corporación era un alter ego de González Torres.